Mr. Justice McLEAJST
 

 delivered the. opinion of the court.
 

 This is an appeal in chancery from the. Circuit Court for the district of Rhode Island.
 

 The bill was filed to set aside certain titles for frauds alleged to have been committed in the year 1767, by a father against his own children, for the benefit of strangers. The frauds are stated to have been investigated and sanctioned, directly or indirectly, by the court of probate, by referees chosen by the parties to determine their matters of controversy, and by the highest courts, of the State-
 

 
 *71
 
 The legal history of the case commences in July, 1767, by the execution'of a deed, by the administrator of John Mantón to Waterman and Pearce. From this period, a series of events aré detailed, genealogical and historical, sweeping over near a century. Acts are stated in the bill, as it would seem, from mere vague reports, and sometimes resting on conjectures. And many of the facts set forth,1 if proved, and were of modern-occurrence, would not be sufficient to avoid the titles enumer- • ated; but the facts- are denied generally by the answers, and not sufficiently1 proved by the evidence.
 

 The lands when sold were comparatively of little value, but, by the progress of time and the advance of improvements, they are now covered with large manufacturing establishments and flourishing villages. Generation after generation has risen up and passed away, of individuals connected with these titles, who increased1 the value of the property by their large expenditures ; and the property, by deed or will, or by the law of descents, has been transmitted through the generations that have passed, without doubt as to the legal ownership.
 

 The bill was filed in 1851; its averment's of facts, by which the lapse of time and the statute of limitations are sought to be avoided, are loóse and unsatisfactory. Tbe adverse entry is alleged to have been made, under the deed of the adminis-' trator of Mantón, in 1767; and it appears that Betty Waterman, the complainant’s grandmother, through whom the title is claimed to have descended, was born in 1756. She was of age in 1777, and in ten years afterward her right was barred by the statute. It is true, the date of her coverture does not appear, but as she was only eleven years of age in 1767, she could not then have been married; and if her marriage occurred subsequently, it was a cumulative disability, which is not allowed by the statute of Rhode Island. The complainant became of age, as it appears, in 1815, and her ten years expired in 1825. Her disability of coverture, and it was cumulative, expired in 1840, more than ten- years before the bill was filed.
 

 The complainant avers that from the death of John Mantón, in 1767, to 1822-3, and ’4, his estates were the subjects of legal controversy and litigation in courts of law; and that ever since, renewed and continued claims and demands, by the heirs of Lydia Thornton and Betty .Carpenter, for their proportion of said estates, as his rightful heirs at law, upon the assignees of the Mantón estate, and upon all persons deriving. title under them, have been continuously prosecuted. But: prosecutions to stop the operations of the statute must be successful, and lead to a change in the possession-
 

 
 *72
 
 Wh<?n fraud is alleged as a ground to set aside a title, the •statute does not begin to run until tbe fraud is discovered; and this is tbe ground on which the complainant asks relief. But, in such a case, the bill must be specific in' stating the. facets and circumstances which constitute the fraud; and also as to the time it was discovered. This is necessary to enable the defendants to meet the fraud, and the alleged time of its discovery. In these respects the bill is defective, and the evidence is still more so.
 

 The complainant’s counsel seem to suppose, that as the defendants in their answer admit the property, at least in part, was originally acquired under a sale of Manton’s • administrator, they are bound to show the proceedings were not only conformable to law, but that they must go further, and prove the debts for which it was sola were due and owing by the deceased. So far from this being the legal rule, under the circumstances of this case, the presumptions are in favor of the present occupants, and the complainants must show the administrator’s sale was illegal and void. After an adverse possession of more than eighty years, when the faets have passed from the memory, and, as in this case, the papers are not to be found in the probate court, no court can require of the defendants proof in regard to such sale. The burden of proof falls upon him who attempts to disturb a possession of ages, transmitted and enjoyed under the forms of law..
 

 Whether we consider .the great lapse, of time, and the change in the value of the property, or the statutes of limitation, the right of the complainant is barred. The decree of the Circuit Court is affirmed.