## ROBERT WILSON v. WILLIAM W. SIBLEY ET AL.

1. LIMITATION OF ACTIONS. *Trust. Borrower from guardian.*

   The borrower of a ward's money from the guardian, who makes to the guardian his note therefor, is not a trustee, but a debtor, and is protected by the six years' Statute of Limitations.

2. SAME. *Fraudulent concealment of cause of action.*

   If the guardian's accounts with the Probate Court show the existence of the note, but misrepresent the circumstances (involving offsets and a defence) under which it was given, the non-disclosure of such circumstances to the ward, even though continued after the guardian's death, is not such fraudulent concealment by the debtor as will take the case out of the statute.

3. SAME. *The one year after administration. Restricted to cases embraced by the statute.*

That by Code 1871, § 2162 (Code 1857, p. 401, art. 18), the guardian's administrator may sue within a year after the date of his letters, does not avail the ward to avoid the bar.

APPEAL from the Chancery Court of Yazoo County.

Hon. E. G. PEYTON, Chancellor.

William W. Sibley, who became of age Dec. 12, 1861, and Henry C. Sibley, who became of age Dec. 14, 1866, filed this bill in chancery on Dec. 17, 1873, as equitable owners, against Robert Wilson, to collect the following note: —

"$520.]                                        APRIL 1, 1861.

"One day after date I promise to pay J. V. Sibley, guardian of the minors Sibley, $520, value received, with eight per cent interest from date.

"R. WILSON."

The guardian's accounts show that the note, of the existence of which the complainants had no knowledge until 1872, was given for the loan, without order of the Probate Court, of the proceeds of their land, sold while they were minors. But Wilson states in his answer that, having the money of the purchaser of the land in his hands, and claiming offsets against the guardian, he gave the note to the guardian, not to ever be paid, but to enable him thus to account with the court. The guardian died in 1861, without a final settlement or discharge, and there has never been a successor, or administration on his estate. The defendant interposed the Statute of Limitations, and from final decree against him appealed.

*R. Bowman* and *Frank Johnston*, for the appellant.

As the younger Sibley was of age seven years before the bill was filed, it is barred by the Statute of Limitations. No fiduciary relation existed between Wilson and the Sibleys; this is not a case of concealment or fraud. *Cook* v. *Lindsey*, 34 Miss. 451; *Buckner* v. *Calcote*, 28 Miss. 432; *Wilson* v. *Ivy*, 32 Miss. 233. On dissolution of the trust relation, fraudulent concealment by the trustee even would not avoid the bar, if the *cestuis que trust* could discover the facts from the probate records. *Young* v. *Cook*, 30 Miss. 320.

*Garnett Andrews,* for the appellees.

1. This was a trust to which the limitation of six years did not apply. Code 1871, § 2175; Code 1857, p. 403, art. 31; *Bacon* v. *Cohea,* 12 S. & M. 516; *Eckford* v. *Hogan,* 44 Miss. 398; 2 Perry on Trusts, §§ 859, 863.

2. It was a case of fraud. The loan was made without authority, and concealed from the complainants by the guardian, with the aid of Wilson; the case is, therefore, not within the statute. *Fearn* v. *Shirley,* 31 Miss. 302; *Adams* v. *Torry,* 26 Miss. 499; 37 Miss. 588.

*J. C. Prewett,* on the same side.

1. On the question of trust, cited Code 1871, § 2175; *Templeton* v. *Tompkins,* 45 Miss. 424; 2 Perry on Trusts, § 859; *Bacon* v. *Cohea,* 12 S. & M. 516.

2. By the concealed fraud, the case is taken out of the operation of the statute. Wilson was a party both to the fraud and concealment.

3. There being no administration on the estate of Jesse V. Sibley, in whom was the legal title to the note, it is not barred. Code 1871, § 2162; Code 1857, p. 401, art. 18; 31 Miss. 302; 26 Miss. 499; 37 Miss. 588.

CAMPBELL, J., delivered the opinion of the court.

The claim of the appellees was barred by the Statute of Limitations of six years at the time of filing their bill. There was no fraudulent concealment of the cause of action from the knowledge of the appellees by the maker of the note; and the proposition that he is a trustee, and not protected by the Statute of Limitations, is not maintainable. The note made him merely a debtor. That the note is not barred as to a personal representative of the payee, who may sue within one year after the date of his letters of administration (Code of 1857, p. 401, art. 18; Code of 1871, § 2162), does not avail the appellees to avoid the bar of the statute. It is alone by virtue of that statute that the note is not barred as to all the world. That statute creates a most dangerous exception, and must be confined strictly to the state of case for which it provides.

*Decree reversed and bill dismissed.*