WILLIAMSON et al. v. BEARDSLEY.

SAME v. SCHOPPE.

(Circuit Court of Appeals, Eighth Circuit. April 15, 1905.)

Nos. 1,998, 1,999.

1. EXECUTORS—REAL ESTATE—SALE—CONVEYANCES—VACATION—FRAUD—BILL.
   In a suit to set aside conveyances of real estate by an executor in probate proceedings, mere allegations that the sales were fraudulent, and that the proceedings were fraudulently conducted, without an averment of substantive facts justifying the charge of fraud, was insufficient.
   [Ed. Note.—For cases in point, see vol. 23, Cent. Dig. Fraud, § 37; vol. 39, Cent. Dig. Pleading, § 28½.]

2. SAME.
   Where an executor applied for permission to sell real estate, and fully and truthfully stated in detail the condition of the estate and his previous conduct of its affairs, the fact that the sales were irregular, or even void, did not establish that the executor was guilty of fraud.

**3. SAME—GROUNDS OF ATTACK—RECORD—KNOWLEDGE.**

Where the grounds on which certain conveyances by an executor were attacked were matters of record, and complainants had notice of the pendency of the administration proceedings sufficient to excite their attention and to put them on guard as to the course thereof, they would be deemed to have had actual knowledge of the contents of such records.

**4. SAME—LACHES.**

Rev. St. Utah 1898, § 2810, declares that title to a specific legacy passes by the will, but that possession can only be obtained from the personal representative, and that he may sell the property devised or bequeathed in the cases provided. Section 2870 declares that no action shall be brought to recover any estate sold by an executor in probate proceedings by a person claiming under the decedent unless commenced within three years next after such sale, but that such an action may be maintained within three years from the discovery of the fraud or other lawful grounds on which the action is based. *Held*, that where complainants brought suit to set aside certain conveyances by an executor in probate proceedings nearly 18 years after the admission of the will to probate, nearly 6½ years from the entry of the orders on which in part the orders of sale were based, and more than 4½ years after the order of sale in one case and 5 years in the other, and the grounds of attack consisted of defects in the proceedings apparent on the record, they were barred by laches, though nonresidents.

**5. SAME—MINORS.**

The three-years limitation prescribed by Rev. St. Utah 1898, § 2870, within which an action may be brought by a person claiming under a decedent to set aside an executor's conveyance in probate proceedings, runs during the minority of the complainant.

Appeal from the Circuit Court of the United States for the District of Utah.

Williamson and others sued Prudence Beardsley and Mary A. Schoppe to set aside and cancel certain orders of sale of the district court of Salt Lake county, Utah, probate division, and executor's deeds which were executed and delivered pursuant to sales made under such orders. The property involved consisted of two tracts of land in Salt Lake City, formerly owned by Jonathan N. Williamson, who died testate, and whose will was probated in 1883. The complainants, now appellants, claimed under express devises of the will; the defendants claimed as purchasers and grantees of the executor. The administration of the estate of the testator was first begun in the probate court of Salt Lake county whilst Utah was a territory, but upon its admission as a state, and in accordance with a constitutional provision, jurisdiction thereof devolved upon the district court of the same county. In the bills of complaint it was averred that various defects existed in the proceedings of the local court, all of which were apparent upon its records; that the acts of the executor were fraudulent as to the complainants, and that they did not discover such fraud or defects until shortly before the suits were instituted. The defendants demurred to the bills of complaint, the demurrers were sustained by the Circuit Court, and decrees were rendered accordingly. The complainants prosecuted these appeals.

Richard B. Shepard and Harrison O. Shepard, for appellants.

Benner X. Smith (Frank B. Stephens and Charles C. Dey, on the brief), for appellees.

Before SANBORN and HOOK, Circuit Judges, and LOCH-REN, District Judge.

HOOK, Circuit Judge, after stating the case as above, delivered the opinion of the court.

The purpose of the suits was the annulment of the orders of sale of the state court and the deeds of the executor. The suit against Prudence Beardsley was instituted in the court below on March 25, 1902, more than four years and nine months after the sale and the delivery to her of the deed from the executor. The suit against Mary A. Schoppe was instituted March 26, 1902, more than five years after the sale and the delivery to her of the executor's deed.

Among the grounds specified in the demurrers to the bills of complaint were the bar of the statute of limitations and the laches of the appellants.

A statute of Utah provides as follows:

"No action for the recovery of any estate sold by an executor or administrator in the course of any probate proceeding, can be maintained by any heir or other person claiming under the decedent, unless it be commenced within three years next after such sale. An action to set aside the sale may be instituted and maintained at any time within three years from the discovery of the fraud or other lawful grounds upon which the action is based." Comp. Laws 1888, § 4193; Rev. St. 1898, § 2870.

To escape the bar of the statute, or rather to evade the application of the equitable doctrine of laches, the appellants averred in their bills of complaint that the executor acted fraudulently, and also that they had no notice or knowledge of the orders of the state court or of the fraudulent acts of the executor resulting in the sale and conveyance of the property until within a few months of the institution of their suits. They now contend that those averments made their bills of complaint secure from the attack of the demurrers.

There was, however, an entire absence of averment of substantive facts justifying the charge of fraud; and in such a case the mere use, by the pleader, of the terms "fraudulent" and "fraudulently" signifies nothing. St. Louis, etc., Ry. Co. v. Johnston, 133 U. S. 577, 10 Sup. Ct. 390, 33 L. Ed. 683; Moore v. Greene, 19 How. 69, 72, 15 L. Ed. 533; Moss v. Riddle, 5 Cranch, 351, 3 L. Ed. 123. Viewing the bills of complaint in the aspect most favorable to the appellants, it does not appear that the executor acted otherwise than in the utmost good faith. A misconception of power or authority, unaccompanied by corrupt or improper motive, is not fraud. When the executor applied for the orders of sale of the property he stated the condition of the estate and his previous conduct of its affairs truthfully and in most commendable detail. Everything that he did was reported to and met with the judicial sanction of the state court in which the estate was being administered; and upon the showing which he made—and it is not claimed that it was false in fact—the court ordered the property to be sold. The sales were made, reported to, and confirmed by the court, and the deeds were duly executed. If it were true that the sales were

irregular or even void, it does not follow that the executor was guilty of fraud.

The appellants also contend that the statute of limitations had not run, and that they are not subject to the charge of laches because they did not until recently discover the existence of the proceedings of the state court and the alleged defects therein upon which they rely to defeat the orders of sale and the deeds. It appears from the averments of the bills of complaint that they knew of the will of the testator, its provisions, and the granting of the letters testamentary in 1883. They therefore knew that administration upon the estate had begun and was in course. They were charged with knowledge that their title to the property devised to them might in certain contingencies be devested under the authority of a statute of Utah, which provided:

"In a specific devise or legacy the title passes by the will, but possession can only be obtained from the personal representative; and he may be authorized by the court to sell the property devised and bequeathed in the cases herein provided." Rev. St. 1898, § 2810.

The proceeding of administration was in the nature of a proceeding in rem, and in a sense the appellants were parties thereto. Everything they now complain of appeared upon the public records. There was no fraud, no deception, no concealment, nor were the matters of which complaint is made of such a character that they would ordinarily remain secret. Under these circumstances it is a misapplication of terms to say that the grounds of action were discovered years after they arose and appeared upon the records of the court. Discovery as employed in a statute or equitable rule of limitations and knowledge are not convertible terms, nor does the former mean the result of a resort at leisure to known sources of information. The possession of the means of knowledge is equivalent to knowledge itself. A party who has the opportunity of knowing the facts of which he complains cannot avail himself of his inactivity, and thus escape the imputation of laches. The grounds of attack against the validity of the orders of sale and the executor's deeds were matters of record. They had notice of the pendency of the administration proceedings sufficient to excite their attention and to put them on guard as to the course thereof. Under these circumstances they must be deemed to have had actual knowledge of what the records showed. The Lady Washington Col. Co. v. Wood, 113 Cal. 482, 45 Pac. 809; Shain v. Sresovich, 104 Cal. 402, 38 Pac. 51; Moore v. Boyd, 74 Cal. 167, 15 Pac. 670; Hecht v. Slaney, 72 Cal. 363, 14 Pac. 88; Norris v. Haggin, 136 U. S. 386, 392, 10 Sup. Ct. 942, 34 L. Ed. 424; Wood v. Carpenter, 101 U. S. 135, 139, 25 L. Ed. 807; St. Paul, etc., Ry. Co. v. Sage, 49 Fed. 315, 322, 1 C. C. A. 256; Percy v. Cockrill, 53 Fed. 872, 4 C. C. A. 73; Wetzel v. Transfer Co., 65 Fed. 23, 12 C. C. A. 490; Swift v. Smith, 79 Fed. 709, 25 C. C. A. 154; Rhino v. Emery (C. C.) 65 Fed. 826.

It will be observed that the Utah statute authorizes the maintenance of the action at any time within three years from the discovery of the fraud or other lawful grounds upon which the action

is based. The settled rule requiring diligence in endeavor to discover the facts affecting the rights of a party has generally been applied to cases of fraud, but there is equal, if not greater, reason for its application to other grounds or causes of action.

The appellants claim that they were ignorant of the matters complained of until November 1, 1901. This was nearly 18 years after the admission of the will to probate and the issue of the letters testamentary; nearly 6½ years after the entry of the orders for family allowance upon which, in part, the subsequent orders of sale were based; more than 4½ years after the order of sale in one case, and more than 5 years in the other. In each case the sale was made and the deed was executed shortly after the entry of the order. It does not appear that during these years the appellants took any steps or made any inquiry for the ascertainment of the patent facts or the protection of their interests. The sole excuse presented in the bills of complaint is that they were nonresidents of and absent from Utah, and such excuse is insufficient either in law or equity. Whether time runs against the assertion of their claims cannot be made to depend upon their proximity to or remoteness from the seat of the court whose orders are in question. There is no such quality in distance from the location of public records as would enable us to say that those living within the state are bound to diligence while those living in neighboring states may rest secure without care or inquiry.

In proposed amendments to the bills of complaint it was averred that one of the appellants was a minor until about 15 months before the suits were commenced. It is well settled that under the rule in Utah and in California, from whence the Utah law was taken, the statute of limitations in cases of this character runs during the minority of the party affected. Jenkins v. Jensen, 24 Utah, 108, 66 Pac. 773, 91 Am. St. Rep. 783; Dennis v. Bint, 122 Cal. 39, 54 Pac. 378, 68 Am. St. Rep. 17; Meeks v. Olpherts, 100 U. S. 564, 25 L. Ed. 735; Meeks v. Vassault, 3 Sawy. 206, Fed. Cas. No. 9,393.

The appellants did not institute their suits within the time specified in the statute. There are no exceptional conditions or unusual circumstances attending the cases as presented which make it inequitable to follow the statutory rule of limitation. The duty of the Circuit Court was therefore clear, and its action was right.

The decrees are affirmed.

NOTE.—The following is the opinion of the court below (MARSHALL, District Judge):

On October 23, 1883, Jonathan M. Williamson died testate, being then a resident of Salt Lake county, Utah. By his last will he appointed Joseph R. Walker and Boyd Park as his executors, and devised the real estate in controversy in this action, together with other real estate, to his widow for life, and the remainder to the plaintiffs herein and their immediate predecessors in interest. Besides leaving real estate of considerable value he left sufficient personalty to more than pay his debts, the reasonable costs of administration, and a family allowance limited to the time reasonably necessary to administer his estate. The will of decedent was admitted to probate, and letters testamentary thereon were on the 5th day of December, 1883, duly issued to Joseph R. Walker and Boyd Park. They continued to act as executors

under this will until the 20th day of April, 1894, when Joseph R. Walker tendered his resignation. This resignation was not formally accepted, nor the letters revoked, nor any order made discharging him as executor, but after such resignation Boyd Park acted alone as executor, claiming to be the sole acting executor under the will of the deceased. On the 17th day of May, 1895, upon the petition of Boyd Park as executor, the probate court made an order for a family allowance to the widow of the deceased and to her sister in the sum of $75 per month. Upon the 24th day of March, 1897, Boyd Park, claiming to be the sole executor, filed a petition asking for an order of sale of the premises here in controversy to pay arrears due on this family allowance and certain expenses of administration in a small amount already due. On the same day the court made an order that those opposing this petition should show cause on April 21, 1897, why the same should not be granted, and that a copy of the order be published for four successive weeks prior thereto in a designated weekly newspaper. This order to show cause was first published in the newspaper named on the 27th day of March, 1897, and the last publication was on the 17th day of April, 1897. By an order dated April 21, 1897, and filed in the clerk's office on April 26, 1897, the court directed the sale of the premises in controversy, and on the 17th day of May, 1897, said Boyd Park, as executor, sold the same to the defendant, which sale was on the 29th day of May, 1897, confirmed by the court, and a deed of the premises to the defendant was executed and delivered on the 2d day of June, 1897. On the 11th day of November, 1901, Williamson's widow died, and not until after this date did the plaintiffs discover the fact of the sale or the facts claimed to show its invalidity.

In the bill of plaintiffs the foregoing facts are in substance stated, and a decree is sought setting aside this sale, which is claimed to be void on the following grounds: (1) That the petition praying for the sale was made by one executor alone and was not with the assent of his co-executor; (2) that no necessity for the sale was shown; (3) that four full weeks' publication of notice was not had prior to the day fixed by the court for the showing of cause against the petition; (4) that the order of May 17, 1895, granting the family allowance, was void, and it was the only basis for an order of sale.

It is not claimed in the bill that the defendant colluded or connived in any way with the executor, or did not pay a fair price for the premises sold, or had actual notice of any irregularity or informality in the proceedings leading up to the sale.