JOHN ROETHER, Appellant, v. NATIONAL UNION FIRE IN-SURANCE COMPANY, a Corporation, Respondent.

(200 N. W. 818.)

**Limitation of actions — notice of facts or information putting plaintiff on inquiry held "discovery" within statute limiting time in which actions for fraud may be brought.**

1. The word "discovery," as used in subdivision 6 of § 7375, Comp. Laws 1913, is not convertible with "knowledge." If there be notice of facts, or if there be information that puts plaintiff on inquiry that would have led to knowledge, there is a "discovery" within the meaning of the statute, and the plaintiff must be charged with knowledge or notice of everything to which such inquiry might have led.

**Limitation of actions — action on unexecuted accord for recovery of money damages for breach of agreement is action at law.**

2. An action upon an unexecuted accord for the recovery of money damages, alleged to have resulted in a breach of the agreement, is an action at law, and not one of the class solely cognizable in the court of chancery before the adoption of the Code of Civil Procedure and the abolition of the distinction between actions at law and suits in equity.

**Question as to time statute of limitations in this case began to run, not decided.**

3. Whether the implied exception to the statute of limitations, to the effect that the statute does not begin to run until the discovery of the fraud, recognized and enforced in courts of equity jurisdiction in behalf of the victim of fraudulent concealment of the accruing of a cause of action in his favor, should be applied to actions at law, where distinctions between actions at law and suits in equity have been abolished, is not decided.

---

Note.—(1) Discovery of fraud as not requiring actual knowledge, see 17 R. C. L. 859; 3 R. C. L. Supp. 742; 4 R. C. L. Supp. 1158.

(4) Mere silence as fraudulent concealment of cause of action, see 17 R. C. L. 861; 3 R. C. L. Supp. 742; 4 R. C. L. Supp. 1158.

(5) Means of knowledge of fraud as actual knowledge, see 17 R. C. L. 741; 3 R. C. L. Supp. 726.

**Fraudulent concealment — silence of debtor concerning existence of cause of action against him held not concealment.**

4. Mere silence by a person against whom a cause of action exists is not such fraudulent concealment of the accrual of the cause of action as will postpone the beginning of the period of limitations, whether the action be one at law or in equity; there must be some affirmative act or representation designed to prevent and which does in fact prevent discovery of the cause of action, or lulls suspicion as to its existence. The relation of debtor and creditor, with silence on the part of the debtor concerning the existence of a cause of action against him, does not constitute concealment within this rule.

**Limitation of actions — party claiming statute of limitations did not begin to run until discovery of fraudulent concealment must use reasonable diligence; ordinarily circumstances of discovery of fraudulent concealment must be fully stated.**

5. The person claiming that the statute did not begin to run until he discovered the alleged fraudulent concealment of the cause of action, must use reasonable diligence, and the means of knowledge are the same thing in fact as knowledge itself. Ordinarily, the circumstances of the discovery of the fraudulent concealment must be fully stated and proved and the delay which has occurred must be shown to be consistent with the requisite diligence.

**Limitation of actions — intent not to perform promise held not to affect question whether cause barred by limitations, where evidence supports finding that fraud could have been discovered.**

6. While the existence of an intent not to perform at the time the promise is made, may, according to many authorities, render nonperformance fraudulent and give rise to a cause of action for fraud and deceit, it has no bearing upon the question whether the cause is barred by limitations where the evidence sufficiently supports the finding that the fraud, if any, could have been discovered by the use of reasonable diligence, there being neither pleading nor proof tending to show fraudulent concealment of the accruing of the cause of action.

Opinion filed October 24, 1924.

Actions, 1 C. J. § 175 p. 1045 n. 58, 63.   Contracts, 13 C. J. § 790 p. 696 n. 55. Fraud, 26 C. J. § 26 p. 1094 n. 99.   Limitation of Actions, 37 C. J. § 309 p. 939 n. 2, p. 941 n. 3; § 356 p. 975 n. 32; § 361 p. 977 n. 62, 63; § 751 p. 1236 n. 64, 65; § 780 p. 1251 n. 91.

Appeal from the District Court of Hettinger County, N. Dak., before *Berry,* J.

Affirmed.

*Jacobsen & Murray,* for appellant.

"The general statement of the rule as to the effect of a fraudulent concealment of a cause of action, where such rule is applicable, is that when a party against whom a cause of action exists in favor of another, by fraud or concealment, prevents such other from obtaining knowledge thereof, the statute of limitations will commence to run only from the time the cause of action is discovered or might have been discovered by the exercise of diligence." 25 C. J. 1213.

"The weight of authority, however, supports the contrary view and follows the rule which obtains in equity, under which such a concealment is a good reply to a plea of the statute of limitations." Cain v. Cook, 8 Cal. 449.

*Sullivan, Hanley & Sullivan,* for respondent.

If we take the majority rule, we find that the gist of the fraud in such cases, "is not the breach of a promise, but the fraudulent intent of the promisor or obligor at the time he makes the promise or executes the contract, not to perform the same, and to deceive the obligee by his false promise."

"Hence to render nonperformance fraudulent the intention not to perform must exist when the promise is made, and if the promise is made in good faith when the contract is entered into there is no fraud though the promisor subsequently changes his mind and fails to or refuses to perform." 12 R. C. L. 262 and cases cited.

"It is certainly not the law, that one who is merely a debtor to another is bound to inform the creditor of the fact of the indebtedness. Nor if the creditor dies does such a duty arise in favor of his legal representative. Hence there is neither fraud nor breach of trust on the part of the debtor in failing to impart such information." Sankey v. McElevey, 104 Pa. 265, 49 Am. Rep. 575.

NUESSLE, J. This is an appeal from a judgment of the trial court dismissing the action on the ground that the causes of action alleged in the complaint are all barred by the statute of limitations.

Plaintiff brought suit to recover on account of damages to his crops. He held a policy of drought insurance issued on the 3rd of July, 1917, by the defendant company. In the first cause of action plaintiff alleges the payment of the premium, the execution and delivery of the policy, the damage to the crops and the amount thereof, notice of the

loss in due time, the threshing of the crop, and the proceeds realized therefrom, the adjustment of the loss on November 1, 1917, in the sum of $751.50, and that no part of the same has been paid, except the sum of $597.60, leaving a balance due the plaintiff of $153.90. The foregoing allegations are incorporated by reference in the third and fourth causes of action.

Four causes of action are alleged in the complaint. It is, in effect, conceded by the plaintiff that the first and second causes are barred by the statute of limitations. The ruling of the trial court in that regard is manifestly correct.

The third cause of action is upon an unexecuted accord. All of the allegations of the first cause are made a part of the third. It is then alleged that the parties settled their differences as follows: that the plaintiff agreed to accept 79% as part payment of the adjustment of the loss; that the defendant promised and agreed with the plaintiff, that if it should pay other policy holders, either by agreement, or thru legal proceedings, a higher percentage, the plaintiff would be paid the same percentage upon his claim; that the defendant did pay other policy holders in full; and that the plaintiff is entitled to recover the balance of the adjustment accordingly, that is, the difference between $597.60 and the total amount of the loss as adjusted.

The fourth cause of action incorporates by reference all the allegations of the first and alleges a cause of action on the ground of fraud and deceit in inducing the plaintiff to sign a compromise settlement upon the false and fraudulent representation that the document presented to the plaintiff for his signature was merely a receipt, when, in fact, it was an agreement whereby the plaintiff released the defendant from all liability on account of the loss, in consideration of payment of 79% of the adjustment. It is further alleged that the plaintiff was induced by other fraudulent representations to sign the compromise settlement, to-wit: the representation, alleged to have been false, that the defendant was insolvent. Plaintiff further alleges that the defendant promised to pay him more, if other policy holders were paid a larger percentage and that other policy holders did, in fact, receive a larger percentage. It is alleged that the defendant made the promise aforesaid without any intention of performing the same; and that he did not discover the fraud and deceit until January 1, 1919. The

fourth cause of action, therefore, is an action at law for fraud and deceit.

The complaint does not allege when payments were made to other policy holders on a larger percentage of the total loss than was paid this plaintiff. Neither is there any allegation in the complaint that the defendant did or said anything for the purpose of fraudulently concealing either or any cause of action. There is no allegation that the defendant in any manner concealed from the plaintiff the fact of its paying to other policy holders a larger percentage, or said or did anything intended to or that did in fact lull suspicion that such payment had been made; nor is the time when such payment was made alleged. There are additional allegations of fraud, but they all relate to the procuring of the assent of the plaintiff to the payment of the loss upon a basis less than 100%. The additional frauds alleged are not of such a character as would tend to conceal the accrual of a cause of action upon the unexecuted accord, or for fraud and deceit.

The cause was tried below on stipulated facts. It was agreed that the allegations of all of the causes of action should be taken as true for the purpose of determining whether any or all of them were barred by the statute of limitations. It is stipulated that the plaintiff was, at all times mentioned in the pleadings, a resident of Hettinger County, engaged in farming; that during all of the said times he was in communication with his neighbors and friends in the community where he lived, many of whom held policies of insurance similar to the one held by plaintiff; that he did his business at a certain bank in Mott, was well acquainted with its officers, with whom he frequently discussed his financial affairs; that on the calendar of the District Court for Hettinger County, for February, 1918, which began the 13th of February, 1918, there were at issue and for trial and were actually disposed of, seventy-seven (77) causes, brought by seventy-seven (77) different farmers and individuals, against the defendant in this law suit, upon policies of insurance identical with the one issued to the plaintiff herein; that at such term there were thirty-six (36) jurors in attendance from various parts of the county "some of which the plaintiff herein was personally acquainted with; that all of the plaintiffs in the seventy-seven cases hereinbefore referred to, resided in Hettinger County, a substantial majority of which plaintiffs were of the same

nationality of this plaintiff, and spoke the same language as this plaintiff, and some of whom attended the same church as this plaintiff." It is further stipulated that much newspaper publicity was given to the affairs of the defendant company, in papers published in the English, German and Scandinavian languages, to the effect that the defendant was solvent and fully able to pay all just claims against it; that payments upon similar policies in the community of Mott, and upon similar claims, were made prior to the 14th of February, 1918, and that proofs of loss upon the policy in suit were made October 1, 1917, and prior thereto. It is stipulated that it was a matter of common knowledge in Mott, and in the neighborhood in which plaintiff resided, that the defendant company was not bankrupt and that it was able to pay all just legal claims.

The findings of the trial court follow substantially the allegations of the complaint and the facts stipulated by the parties. In addition, the court finds that the plaintiff could, and would, "by the use of reasonable diligence" have discovered "the untruth of the representations" and that the defendant was "guilty of the grievances alleged."

The plaintiff and appellant thus states the question at issue on this appeal:—"There is only one point involved on this appeal, to-wit: whether or not all of the causes of action are barred by the statute of limitations. . . ." Appellant contends that neither the third nor the fourth cause of action is barred by the statute. Appellant urges that these causes of action did not accrue "until the defendant communicated the facts to the plaintiff when it paid other policy holders more than what it paid the plaintiff." Appellant then says that "the defendant, by its fraudulent concealment, of the accruing of the cause of action, prevented the statute of limitations from commencing until the plaintiff actually discovered the fraud." In further elaboration of his theory, appellant urges that there was such a fiduciary relationship subsisting between the plaintiff and the defendant that its failure to inform the plaintiff when it paid others more, amounted to a fraudulent breach of trust and that the statute of limitations did not begin to run until this fraud was discovered by the plaintiff.

Section 7375, Comp. Laws, 1913, reads as follows: ·

"Six Years. Within six years: ...

"1. An action upon a contract, obligation or liability, express or implied, excepting those mentioned in section 6762.

"2. An action upon a liability created by statute, other than a penalty or forfeiture, when not otherwise expressly provided.

"3. An action for trespass upon real property.

"4. An action for taking, detaining or injuring any goods or chattels, including actions for the specific recovery of personal property.

"5. An action for criminal conversation, or any other injury to the person or rights of another not arising on contract and not hereinafter enumerated.

"6. An action for relief on the ground of fraud in cases which heretofore were solely cognizable by the court of chancery, the cause of action in such cases not to be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud.

"7. An action for the foreclosure of a mechanics' lien; provided, that this subdivision shall not apply to any mechanics' lien filed prior to July first, 1903."

Subsection 6, supra, is referred to in appellant's brief, in the following language: "In view of the peculiar language of subdivision 6 of § 7375, which confines itself to cases which are solely cognizable by courts of chancery, appellant does not feel prepared to say that the correct rule is that a cause of action accrues when the fraud is discovered. *Appellant prefers to stand on the more solid ground that the defendant by its fraudulent concealment, of the accruing of the cause of action, prevented the statute of limitations from commencing until the plaintiff actually discovered the fraud."* (Italics are ours.)

We have stated quite fully the position of the appellant in his own language, because it seems to us that the question as formulated by him is narrow and comparatively simple.

Questions are raised as to the nature of the plaintiff's causes of action. Are causes two and three such as were "cognizable solely by the courts of chancery," as provided in subdivision 6 of § 7375, supra, and is this an action to obtain relief on the ground of fraud within the meaning of that subdivision? If so, the plaintiff suggests, the cause did not accrue until the discovery—of the facts constituting the fraud. The word "discovery" as used in this statute is not convertible with "knowledge." If there was notice of facts, or if there

was information that put plaintiff on inquiry, that would have led to knowledge, there was a "discovery" within the meaning of the statute, and the plaintiff must be charged with knowledge or notice of everything to which such inquiry might have led. Irwin v. Holbrook, 32 Wash. 349, 73 Pac. 360; Lady Washington Consol. Co. v. Wood, 113 Cal. 482, 45 Pac. 809; Williamson v. Beardsley, 69 C. C. A. 615, 137 Fed. 467; Black v. Black, 64 Kan. 689, 68 Pac. 662; Garfield County v. Renshaw, 23 Okla. 56, 22 L.R.A.(N.S.) 207, 99 Pac. 638; Sanderlin v. Cross, 172 N. C. 234, 90 S. E. 213; Davis v. Hibernia Sav. & Loan Soc. 21 Cal. App. 444, 132 Pac. 462. In Peacock v. Barnes, 142 N. C. 218, 55 S. E. 100, the Supreme Court of North Carolina, construing a statute identical with ours, says:

"A man should not be allowed to close his eyes to facts readily observable by ordinary attention, and maintain for his own advantage the position of ignorance. Such a principle would enable a careless man, and by reason of his carelessness, to extend his right to recover for an indefinite length of time, and thus defeat the very purpose the statute was designed and framed to accomplish. In such case, a man's failure to note facts of this character should be imputed to him for knowledge; and, in the absence of any active or continued effort to conceal a fraud or mistake or some essential facts embraced in the inquiry, we think the correct interpretation of the statute should be that the cause of action will be deemed to have accrued from the time when the fraud or mistake was known, or should have been discovered in the exercise of ordinary diligence."

We are not unmindful of the decision of this court in Moore v. Palmer, 43 N. D. 99, 106, 174 N. W. 95; giving a somewhat more restricted meaning to the word "discovery" as used in § 8809, Comp. Laws, 1913, of the Probate Code. Aside from the fact that the facts and circumstances in that case were different from the facts in the record in this case, we are satisfied that our construction of § 7375, supra, is in accord with the virtually unanimous decisions of other courts construing similar or identical statutes.

The third cause of action arises upon contract—an unexecuted accord. The contract alleged was that if plaintiff would agree to the settlement proposed and accept 79% at the time, the defendant would pay 79% forthwith, and in addition, if it were, in legal proceedings, or

51 N. D.—41.

otherwise, obliged to pay any other policy holder a greater percentage, it would pay him the same proportion; it is then claimed by the plaintiff that other policy holders were paid in full and recovery of the differences between 79% and the full amount of the loss, as adjusted, is asked in the complaint. It seems too clear for argument that this is an action at law for the recovery of a money judgment, and not one of the class solely cognizable in the court of chancery before the adoption of the Code of Civil Procedure and the abolition of the distinction between actions at law and suits in equity.

The fourth cause of. action is to recover damages on account of fraud and deceit. The basis of that cause is the policy of insurance and the fraud and deceit alleged consist in falsely and fraudulently representing to the plaintiff that the defendant was insolvent and unable to pay its debts in full; likewise, that the defendant fraudulently, and without any intention of performing the same, promised to pay the plaintiff more than 79% if other policy holders received a larger percentage on their claims; that the document presented for the signature of the plaintiff was represented fraudulently and for the purpose of deceiving plaintiff, to be a receipt, but was, in fact, a compromise settlement purporting to release defendant fully from further liability. Plaintiff then alleges that he did not discover the fraud and deception until January 1, 1919. There are no allegations of facts explaining why he did not discover it sooner, nor is there any allegation that the defendant, in any manner, attempted to conceal from the plaintiff the accruing of this cause of action. It is an action at law for a money judgment.

Whether the implied limitation of or exception to the statute in favor of the victim of fraudulent concealment of the accruing of a cause of action in his favor, recognized and enforced in courts of equity jurisdiction, should be applied to actions at law, where distinctions between actions at law and suits in equity have been abolished, has been the subject of much legal discussion and some diversity of judicial opinion in this country. In New York, whence our Code of Civil Procedure is derived, including § 7375, supra, and § 7355, abolishing distinctions between legal and equitable actions, it was held that Subsection 6 of § 91 of the Old Code, identical in all material respects with Subsection 6 of 7375, supra, did not apply to actions at law. Mason v. Henry,

152 N. Y. 529, 46 N. E. 837. It must be conceded that the rule is recognized by numerous authorities that have construed statutes similar to § 7375, Comp. Laws, 1913, altho many well reasoned cases may be found to the contrary, that a party shall not be permitted to take advantage of his own wrong by asserting mere lapse of time against another whom he has prevented, by fraud or artifice, from enforcing his legal rights in timely proceedings at law; and that this rule constitutes an implied exception to or limitation of the statute, applicable alike to actions at law and suits in equity. See Waugh v. Guthrie Gas, Light, Fuel & Improv. Co. 37 Okla. 239, L.R.A.1917B, 1253, 131 Pac. 174; where the authorities on both sides are collected; and Wood, Limitations, 4th ed. § 274, p. 1359. Under the facts in the record and the issues as made on this appeal, it is neither necessary nor proper to decide which rule is correct and should be adopted in this state, and we express no opinion on that subject.

The plaintiff apparently rests his case not so much upon the proposition that the plaintiff's cause of action for fraud did not, under our statute, accrue until the facts were discovered by the plaintiff, as on the "more solid ground" that the defendant fraudulently concealed from plaintiff the accruing of the cause. Assuming that the exceptions recognized in equity are, under our statute, applicable to actions at law, plaintiff must nevertheless fail according to the uniform current of authority in jurisdictions that have recognized and applied the exception in legal actions.

The record contains no evidence tending to show that the defendant concealed, or attempted to conceal, the accruing of either the third or fourth causes of action. It is true the defendant did not notify the plaintiff when it paid other policy holders a larger percentage than it had paid him, and it is contended by the appellant that there was such a confidential relationship existing between the parties that the failure of the defendant, in this regard, is tantamount to fraud, and is, in law, such a fraudulent concealment of the cause of action as will toll the statute. It seems to be well settled in those jurisdictions where fraudulent concealment of the accrual of the cause of action postpones the beginning of the period of limitations, in actions at law as well as in equity, that mere silence by the person liable is not such concealment, but that there must be some affirmative act or

representation designed to prevent, and which does, in fact, prevent discovery of the cause of action, or lulls suspicion as to its existence. Waugh v. Guthrie Gas, Light, Fuel & Improv. Co. supra; Wood, Limitations, 4th ed. § 276f (2) ; 25 Cyc. 1218. The relation of debtor and creditor, with silence on the part of the debtor concerning the existence of a cause of action against him, do not constitute conceal-ment within this rule. The law casts no obligation on the debtor to speak under such circumstances. Sankey v. McElvey, 104 Pa. 265, 49 Am. Rep. 575; Wood, Limitations, supra, § 276f (2) ; Wilson v. Sibley, 54 Miss. 656. In Wood v. Carpenter, 101 U. S. 135, 25 L. ed. 807, Justice Swayne, for the Supreme Court of the United States, summarizes the rule with reference to fraudulent concealment of the cause of action, as follows: "Concealment by mere silence is not enough. There must be some trick, or contrivance, intended to ex-clude suspicion and prevent inquiry.

"There must be reasonable diligence; and the means of knowledge are the same thing in fact as knowledge itself.

"The circumstances of the discovery must be fully stated and proved, and the delay which has occurred must be shown to be consistent with the requisite diligence."

The allegation, under the facts in the record, that the defendant did not intend to perform its promise to pay plaintiff the same per-centage as it paid other policy holders, does not save him from the bar of the statute. The existence of an intent not to perform at the time the promise was made, may, according to many authorities, render non-performance fraudulent and give rise to a cause of action for fraud and deceit, 12 R. C. L. 262; but this rule does not have any bearing upon the question whether the cause is barred by limitations where the evidence amply supports the finding that the fraud could have been discovered by the use of reasonable diligence and where there is no allegation in the pleadings or proof in the record tending to show fraudulent concealment of the accruing of the cause of action.

As has been pointed out, concealment by defendant of the accrual of the cause of action, or of the fraud and deceit alleged in the fourth cause of action, is not pleaded in the complaint; there is no allega-tion that the plaintiff exercised any diligence whatsoever in discovering the fact of payment to other policy holders in a greater percentage

than he received, or the time when such payment was made. It is stipulated, however, and the court so found, that it was a matter of common knowledge in the vicinity where plaintiff lived, that the defendant was solvent and fully able to pay all lawful claims against it arising under policies identical with the one involved in this case; it appears that the defendant caused a printed statement, signed by the attorney general and the insurance commissioner, to be published and widely circulated, to the effect that it was solvent and able to pay all just claims against it; that several law suits were commenced by friends, neighbors, and acquaintances of the plaintiff, to recover the full amount of the damage sustained and under policies identical with that held by the plaintiff; and that some of these suits were tried to a jury, doubtless with resulting judgments that become matters of public record. The findings are abundantly supported by the record. We think that the trial court correctly and properly found that the plaintiff could have discovered all of the facts constituting his cause or causes of action with the use of ordinary and reasonable diligence, prior to the first of January, 1919, and at, or about, the time when they accrued. The means of discovery were at all times at hand. Defendant had settled with several of plaintiff's neighbors and acquaintances. There is a complete failure of pleading and proof, showing concealment of the frauds alleged, or of the accrual of the causes of action based on the policy and the unexecuted accord, and of diligence by plaintiff in discovering either.

The judgment of the trial court is affirmed.

CHRISTIANSON and BIRDZELL, JJ., and JANSONIUS and COOLEY, Dist. JJ., concur.

Mr. Chief Justice BRONSON and Mr. Justice JOHNSON, being disqualified, did not participate; Honorable CHAS. M. COOLEY, Judge of the First Judicial District and Honorable FRED JANSONIUS, Judge of the Fourth Judicial District, sitting in their stead.