SCHINDLER v. SPACKMAN et al.

(Circuit Court of Appeals, Eighth Circuit. November 15, 1926.)

No. 7297.

1. Guardian and ward ⬤═146—Action held in effect one to compel accounting by guardian, rather than to recover land sold by guardian as affecting application of state statute of limitations (Rev. Code S. D. 1919, § 3544).

Action charging conspiracy to obtain land of plaintiff, participated in by plaintiff's guardian, held in effect an action to compel an accounting by guardian, not an action to recover land itself, barred by Rev. Code S. D. 1919, § 3544.

2. Limitation of actions ⬤═179(2)—Allegation that fraud of guardian, sued for accounting, was not known until shortly before suit, held sufficient to save from bar of limitations (Rev. Code S. D. 1919, § 2298, subd. 6).

In action to compel accounting by guardian, charged with participation in conspiracy to obtain plaintiff's land, allegation that plaintiff had no knowledge of fraud of his guardian until particular date shortly preceding institution of suit held sufficient, under Rev. Code S. D. 1919, § 2298, subd. 6, to save action from bar of limitations.

3. Limitation of actions ⬤═100(1)—State statute, affecting accrual of action for relief from fraud, held applicable only to cases sounding in equity (Rev. Code S. D. 1919, § 2298, subd. 6).

Rev. Code S. D. 1919, § 2298, subd. 6, providing that action for relief from fraud shall not be deemed to have accrued until discovery by aggrieved party of facts constituting fraud, applies only to cases sounding in equity.

4. Limitation of actions ⬤═100(7)—Suit for accounting by guardian is in equity as regards tolling limitation by fraud.

Suit against guardian for accounting falls on equity side of court as regards tolling statute of limitations by fraud.

5. Guardian and ward ⬤═144—Suit for accounting and settlement by guardian is within inherent jurisdiction of court of equity, particularly where fraud is alleged.

Courts of equity have inherent jurisdiction to require accountings and settlements by guardians, particularly where fraud is alleged.

6. Courts ⬤═375—Where manifest wrong will result, federal courts of equity will not follow state statute of limitations.

Federal courts of equity will not follow state statute of limitations, where manifest wrong and injuries would be wrought.

7. Equity ⬤═346—Complainant, suing in equity after running of limitations, has burden of proof that application of statute would be inequitable.

Complainant, whose suit in equity is brought after lapse of statutory period of limitation, has burden of proof that it would be inequitable to apply it to his case.

8. Limitation of actions ⬤═100(1)—Where fraud has been concealed, limitations will not run until discovery thereof, or until reasonable diligence would have led to discovery.

It is a rule of equity that, where fraud has been concealed, limitations will not run until discovery thereof, or until, with reasonable diligence, it might have been discovered.

9. Courts ⬤═328(2)—Suit to compel accounting by guardian and to annul alleged fraudulent mortgages held to involve jurisdictional amount.

Suit to compel accounting by guardian and to have annulled two alleged fraudulent mortgages on plaintiff's property, amounting, with

interest, to $3,124.10, *held* to involve jurisdictional amount.

**10. Courts ⟝328(2)—In suit to compel accounting by guardian and to cancel mortgages, amount by which estate was depleted determines jurisdictional amount.**

In suit to compel accounting by guardian and to cancel alleged fraudulent mortgages, amount by which incompetent's estate has been depleted, and not the principal sum of the mortgages, determines whether jurisdictional amount is involved.

**11. Limitation of actions ⟝100(7)—Action held one for accounting by guardian, charged with conspiracy to obtain plaintiff's land, rather than one in tort for damages to exclusion of equity jurisdiction as respects fraud tolling limitations.**

Action wherein plaintiff alleged conspiracy between defendants, including his guardian, to obtain his land, *held* one for accounting by guardian, and not in tort for damages to exclusion of a cause in equity, as respects fraud tolling limitations.

**12. Guardian and ward ⟝146—In action for accounting by guardian, participants in alleged conspiracy to defraud plaintiff held properly joined as parties defendant.**

Persons participating with guardian in alleged conspiracy to defraud ward of his lands *held* properly joined as parties defendant in action for accounting by guardian.

**13. Guardian and ward ⟝146—Bill for accounting against guardian and others held sufficient as basis for amendment.**

Bill in suit for accounting against guardian and others participating in alleged conspiracy to defraud plaintiff ward, though inartificial, *held* sufficient as a basis for amendment.

**14. Courts ⟝347—Motion to dismiss performs office of demurrer under equity rules.**

Under equity rules, a motion to dismiss performs the office of a demurrer.

**15. Equity ⟝363—Opportunity to amend should be granted on sustaining of motion to dismiss, unless bill is incurably defective.**

On sustaining motion to dismiss, opportunity to amend should be granted, unless bill is incurably defective.

Appeal from the District Court of the United States for the District of South Dakota.

Suit by George Schindler against Harry L. Spackman and others. From a decree of dismissal, plaintiff appeals. Reversed and remanded.

C. R. Jorgenson, of Sisseton, S. D. (Clarence Anderberg, of Sisseton, S. D., on the brief), for appellant.

Howard Babcock, of Sisseton, S. D. (Turner & McKenna and Babcock & Babcock, all of Sisseton, S. D., on the brief), for appellees.

Before KENYON and VAN VALKENBURGH, Circuit Judges, and SANBORN, District Judge.

VAN VALKENBURGH, Circuit Judge. February 21, 1925, appellant filed in the District Court for the District of South Dakota his bill of complaint against appellees. In his brief the nature of his action is thus stated: "This action is brought by the appellant to compel the appellees to restore to him certain real estate alleged to have been secured from him by fraud, and in the event a reconveyance cannot be had that the appellees be compelled to account to him for the proceeds thereof."

The bill of complaint is long and involved; an abridged statement of its essential features becomes necessary for the purposes of this opinion. Jurisdiction is conferred by diversity of citizenship. Appellant alleges that on and prior to October 1, 1913, he was the owner in fee of certain land in Roberts county, South Dakota, consisting approximately of 160 acres, of the alleged value of $10,000, subject to a mortgage of $2,000, held by the state of South Dakota; that he was at that time an unmarried man, infirm, illiterate, and unaccustomed to business, living alone in a small building on this land; that the above-named appellees, with the exception at that time of the defendant Henry E. Schindler and the defendant Hal M. Knight, conspired to defraud appellant of his land; that in pursuance of this conspiracy one Lewis Cole induced appellant to execute a warranty deed conveying the real estate to said Cole. The consideration for said conveyance was 11 head of horses at a value of $1,500, $550 in money, and the following representations and promises alleged to be fraudulent, to wit: That appellant was to have a life lease of 5 acres of land extending along the west boundary of said premises, and the said Lewis Cole was to build a house and home upon said 5 acres of land for the use and benefit of appellant and for his occupancy during the remainder of his natural life; "the said Lewis Cole further stated to this plaintiff that he would cultivate said five (5) acres of land so reserved for the plaintiff during his life, without expense to the plaintiff, and that the plaintiff was to have the proceeds thereof for his own use and benefit during his natural life; that the said Lewis Cole further stated to the plaintiff and agreed with the plaintiff to furnish and give to the plaintiff two tons of coal, free of charge or cost, and deliver it to the plaintiff at his house on the 1st day of October for each and every year of his nat-

ural life; and that the said Lewis Cole further promised and agreed to and with the said plaintiff not to sell said real estate, but to hold the same in his own name and writing, so that the plaintiff would be fully protected in his use and occupancy of his five (5) acres, which was agreed to be reserved as a life estate for the plaintiff; that plaintiff believed and relied upon said statements and said representations so made to him by said Lewis Cole;" that immediately upon receiving the warranty deed the said Cole, with the knowledge and connivance of appellees, and in furtherance of the scheme to defraud appellant, caused alleged fictitious incumbrances to be placed upon the land and traded and exchanged the land for other tracts; that thereby all agreements between Cole and appellant were violated by the former; that the horses delivered to appellant were found to be diseased and worthless, and that by the various devices to which appellees resorted in furtherance of their conspiracy appellant received but $550 for his land, and was left helpless, without the intervention of a court of equity to obtain relief.

The complaint alleges that, immediately after discovering the fraud, appellant returned to the said Cole all the property theretofore delivered to him, and offered and agreed to return to the said Cole everything of value appellant had received from him, and demanded a reconveyance of his land and the satisfaction of a mortgage of $1,100, that had been placed thereon; upon these demands being refused, appellant filed suit in the proper state court for the recovery of his said property; that thereafter, and before the time of answering, appellees, including Henry E. Schindler, a brother of plaintiff, and appellee Hal M. Knight, the then county judge of Roberts county, South Dakota, further conspiring to prevent a trial of said action, caused a petition to be filed in the county court for the appointment of a guardian for appellant; that the said Henry E. Schindler and the said Hal M. Knight, for the purpose of preventing appellant from making objection to such appointment, stated to appellant that said Schindler, as guardian, could much more readily secure a reconveyance of the property wrongfully taken from him, and that the interests of appellant would properly be looked after; that appellant being sick, infirm, and overcome by the loss of his property, relied upon the statements, representations and assurances thus made to him and consented to the appointment of his brother as guardian; that thereafter the said guardian was substituted as plaintiff in said action, discharged the counsel which had previously been retained by appellant, employed appellees Babcock and Turner as such counsel, and later dismissed the action pending in the state court for the recovery of appellant's property. Appellee Babcock, in whose name the title apparently had found its way, then reconveyed the land to the guardian, but subject to the alleged illegal incumbrances that had been placed upon it. Thereafter the guardian, conspiring with the other appellees, recognized further illegal incumbrances and charges upon the land in favor of some of appellees, and finally, on or about the 8th day of June, 1917, sold said land to one T. W. Cahill for the sum of $8,050; this sale was confirmed June 23, 1917; that in the report of the sale appellant was charged with an item of $3,124.10, which was made up out of alleged illegal incumbrances upon the land procured and placed thereon by the alleged conspirators.

September 30, 1924, by order of court, appellant was discharged from guardianship by the county court of Roberts county by order and decree declaring him to be fully restored to competency. It is alleged in the complaint that appellant did not know until a short time before he made application to the county court for his discharge, to wit, on or about the 22d day of September, 1924, that his property had been sold by the guardian and that said claims, which he alleges to be fraudulent and illegal, had been presented and allowed against his estate; that immediately thereafter he employed counsel, caused an examination to be made, and discovered the facts set forth by him in his complaint. He charges that by the conspiracy and devices stated he has been defrauded of his property, and that his brother, as guardian, participated in the fraud. He prays: "That the said fraudulent conveyances and incumbrances be vacated and set aside and that the defendants be required to restore to the plaintiff his property, or that the court determine the value of said property and also the value of the rents and profits thereof, and require the defendants to account to the plaintiff for the said value of said property and also for the rents and profits thereof; and that the plaintiff shall have such other and further relief in the premises as to the court shall seem meet."

To this bill of complaint the defendants filed motions to dismiss upon the following grounds: (1) That upon the face of the complaint the remedy is at law and not in equity and plaintiff has an adequate remedy at law. (2) That the complaint states no matter entitling plaintiff to the relief prayed

for in equity and that the facts are insufficient to entitle plaintiff to any relief. (3) That the entire matter is within the jurisdiction of the county court of Roberts county, South Dakota, and that this jurisdiction first acquired is exclusive. (4) That the District Court was without jurisdiction for the reason that the bill of complaint upon its face shows that plaintiff's claim, if any, is less than $3,000.

The court, upon hearing, sustained the motions and dismissed the cause for the following stated reasons: (1) That the action was barred by the statute of limitation. (2) That the amount involved is less than $3,000. (3) That the allegations of the bill taken generally show an action in tort for the purpose of recovering damages only. (4) That the allegations are insufficient to sustain an action in equity.

[1, 2] The trial court was correct in its conclusion that this cannot be viewed as an action for the recovery of the land sold. It cannot, of course, be directed against the original sale to Lewis Cole, for the reason that that sale was, in effect, set aside by the reconveyance to the guardian. It is alleged, however, that certain illegal incumbrances, as incident to the fraud, were recognized and continued in effect. Neither can the suit operate to set aside the sale by the guardian to Cahill. The consideration was not unconscionable upon appellant's own valuation. Furthermore there is no allegation that the proceedings on their face were irregular, nor that the purchaser participated in the fraud charged. Finally, the purchaser is not made a party, although he would be necessary to such an action. Appellant has given to his complaint the appearance of an action to set aside fraudulent conveyances and to recover specific real estate. It was evidently the theory of counsel that such an allegation would bring the case within section 3544 of the Statutes of South Dakota of 1919 (Rev. Code) which provides: "No action for the recovery of any estate, sold by a guardian, can be maintained by the ward, or by any person claiming under him, unless it is commenced within three years next after the termination of the guardianship, or, when a legal disability to sue exists by reason of minority, or otherwise, at the time when the cause of action accrues, within three years next after the removal thereof."

Appellant has prayed relief in the alternative, asking recovery of the value of the property in case the same cannot be restored in kind. But this alternative relief does not fall within the purview of section 3544, which applies to the recovery of specific property.

It does not follow, however, that appellant is barred by the general statute of limitation as applied to actions other than for recovery of real property. Section 2298, R. C. S. D. 1919, provides that there may be brought within six years: "6. An action for relief on the ground of fraud, in cases which heretofore were solely cognizable by the court of chancery, the cause of action in such cases not to be deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud."

This cause of action accrued not later presumably than April 23, 1917, the date of the final sale by the guardian, and the allowance of the alleged fraudulent claims against appellant's estate, aggregating $3,124.10. It is alleged in the bill that knowledge of the fraud perpetrated by his guardian and the other appellees was not discovered until on or about September 22, 1924. This suit was instituted February 21, 1925.

[3, 4] It is true that this section applies only to cases theretofore solely cognizable by the court of chancery, and therefore sounding in equity. A suit against a guardian for an accounting falls on the equity side. Taylor v. Bemiss, 110 U. S. 42, 3 S. Ct. 441, 28 L. Ed. 64. "Courts of equity have jurisdiction over all trusts for the purpose of compelling an accounting, and the existence of any confidential or fiduciary relation is sufficient to invoke such jurisdiction whenever the duty arising out of such relation rests upon one of the parties to render an account to the other. This rule is not restricted merely to express trustees, but applies equally to trusts created by implication of law, and it embraces not only the supervisory power of such courts over trust estates generally, but over acts amounting to a breach of trust and fraudulent conduct on the part of persons occupying relations of confidence." 1 Corpus Juris, 621, 622.

[5, 6] Courts of equity have inherent jurisdiction to require accountings and settlements by guardians (21 Cyc. 155), and in cases involving alleged fraud their jurisdiction is unquestioned even though ordinary matters of administration are exclusively cognizable by probate courts, or county courts exercising probate jurisdiction. Especially would this be true where it is charged that acts affecting the estate in the latter courts are procured by fraud. Furthermore, a federal court of equity will never follow a state statute of limitation, where thereby manifest wrong and injustice would be wrought. Foster's Federal Practice, vol. 1 (4th Ed.) p. 21; McIntire v. Pryor, 173 U. S. 38–54, 19 S. Ct. 352, 43 L.

Ed. 606; Williams v. Neely (C. C. A. 8) 134 F. 1, 67 C. C. A. 171, 69 L. R. A. 232.

[7] In Wilson v. Plutus Mining Co. (C. C. A. 8) 174 F. 317, 98 C. C. A. 189, it was said: "When a suit is brought after the statutory time, the burden is on the complainant to show in his bill and by his proof that it would be inequitable to apply it to his case."

[8] We think the allegations of the bill sufficiently comply with this rule even though a statute of limitation otherwise may be conceived to apply; and, of course, it is an established rule of equity that where fraud has been concealed time will not run until the discovery of the fraud, or until, with reasonable diligence, it might have been discovered. Kirby v. Railroad, 120 U. S. 130–136, 7 S. Ct. 430, 30 L. Ed. 569.

[9] With respect to the amount in controversy the court in its memorandum ruling says: "It seems to me that the real purpose of this bill is as stated in the brief of plaintiff: 'Having these two fraudulent mortgages for $1,100 and $1,400 declared null and void, that this action is brought in this court.' If that is the purpose, then only the amount of these mortgages, $2,500, is involved."

[10] Whatever may have been the statement of appellant in his brief before the trial court, the bill does not restrict the relief prayed to the cancellation of these mortgages, and even so, as alleged, the claim allowed, which was based upon these mortgages, amounted with interest to $3,124.10. In such case, the amount by which the estate is claimed to have been depleted, and not the principal sum of the two mortgages, would control.

[11, 12] What has been said with respect to the jurisdiction of a court of equity over an action by a ward against his guardian for accounting disposes of the suggestion that the allegations of the bill point to an action in tort for the recovery of damages to the exclusion of a cause in equity; but it may be urged that, in such an action for accounting, the parties other than the guardian are improperly joined. We think otherwise. One who participates with the guardian in a conspiracy to defraud may be joined with the guardian as a defendant. Koch v. Le Frois, 61 Hun, 205, 15 N. Y. S. 928. Where the suit is properly one for equitable cognizance on account of the relation and rights of the parties, a third person who was party to the particular transaction complained of, or who is charged with fraud therein, may be joined. 1 Corpus Juris, 633, under the heading "Joinder of One or Two Accounting Parties as Defendant with Stranger"; Penniman v. Jones, 58 N. H. 447. In the latter case it was held: "When a member of a copartnership confederates with a third person to defraud the firm, the third person is properly made a defendant in a bill in equity to compel an accounting."

[13] Finally, it is urged that the pleader in drawing the bill did not have in mind an accounting for the proceeds of the guardian's sale and that that sale and the disposition of the proceeds otherwise than with respect to the mortgages are not assailed. It is undoubtedly true that the bill is inartificial, unwieldy, and lacking in that precision of statement demanded of good pleading. It does, however, though imperfectly, state a case which, if sustained by the proofs, amounts to fraud and unconscionable overreaching. It prays generally that the defendants be required to account to the plaintiff for the value of the property, administered by the guardian of which appellant claims to have been defrauded. We think it sufficient as a basis for amendment.

[14, 15] Under the equity rules a motion to dismiss performs the office of a demurrer, and, if sustained, opportunity to amend should be granted, unless the bill be incurably defective. No application for amendment was made, and because of defects and incompleteness in the pleadings the decree below might be affirmed without prejudice to some other appropriate action. However, we believe appellant should not be subjected to such unnecessary delay, but that in the interest of justice the case should be reversed and remanded to the trial court, with direction that appellant be permitted to amend his pleading, if so advised, in accordance with the views herein expressed, and within a reasonable time to be fixed by the trial court, and that a trial be granted upon issues thus to be framed. It is quite possible that in that trial appellant may be unable to establish against any or all of the defendants the charges which he prefers; but we cannot close our eyes to the fact that there is charged in this bill a case of fraud and overreaching against a confessedly weak and comparatively helpless individual. Such charges should not be dismissed without ample opportunity for investigation.

The initial proposition of Cole by its very terms arouses suspicion. The subsequent reconveyance, after suit brought, is significant. Appellant was subjected to guardianship for a period of 11 years. He is finally discharged therefrom, to find his land sold and himself

without funds. He is compelled to prosecute this suit in forma pauperis; such a situation demands scrutiny under the supervision of a court of equity.