R. E. CONKLIN, Appellant, v. N. C. TOWNE et al., Appellees.

LIMITATION OF ACTIONS: Pleading—Timely Plea. A plea of the statute of limitation is timely when made at the close of plaintiff's testimony.

LIMITATION OF ACTIONS: Pleading—Sufficiency. In pleading the bar of the statute of limitation, the *facts* must be alleged.

LIMITATION OF ACTIONS: Fraud—Concealment—Effect. A plaintiff who, after the lapse of five years, brings his action for damages consequent on the fraudulent sale of corporate stock must meet the plea of the statute of limitation by proof that, notwithstanding due dili-

gence on his part, knowledge of the fraud perpetrated upon him has been fraudulently concealed from him by the defendant. Evidence held insufficient to show such concealment.

Headnote 1: 37 C. J. p. 1219. Headnote 2: 37 C. J. p. 1219. Headnote 3: 37 C. J. pp. 1235, 1251.

Headnote 2: 17 R. C. L. pp. 988, 990, 992. Headnote 3: 25 A. L. R. 566; 17 R. C. L. 688.

*Appeal from Polk District Court.*—HUBERT UTTERBACK, Judge.

NOVEMBER 22, 1927.

Action at law, to recover damages resulting from the sale of stock. The material facts are recited in the opinion. Directed verdict for the defendants, and plaintiff appeals.—*Affirmed.*

*Leland S. Forrest* and *Edwin C. Carpenter,* for appellant.

*Bradshaw, Schenk & Fowler,* for C. N. Kinney, appellee.

*Stewart & Malcolm,* for N. C. Towne, appellee.

*M. E. Van Laningham,* for Daniel O'Donnell and A. C. Bailey, appellees.

STEVENS, J.—Articles of incorporation of the Lead & Zinc Storage Company, which was organized under the laws of South Dakota, were duly filed in the office of the secretary of state of that state on August 11, 1919. The purpose of the organization, as stated in the articles, was to erect warehouses for the storage of ores, minerals, and metals, to do a general warehouse and storage business, to buy and sell ore, minerals, and metals of all descriptions, to erect smelters and engage in the smelting of ores of all descriptions, to build and operate railway lines for the purpose of the organization and for various other purposes therein detailed. The incorporators were the defendants James McNicholas, of Picher, Oklahoma, Daniel O'Donnell, of Des Moines, and one L. E. Gaffy, of Pierre, South Dakota. The articles provided for a business office in the city of Des Moines.

The board of directors, in addition to the promoters named, were R. T. McNicholas of Picher, Oklahoma, and Nathan C. Towne, of Des Moines. O'Donnell ceased to be a director in

1920, and Towne became vice president. The president and manager of the corporation was James McNicholas.

The defendants C. N. Kinney and A. C. Bailey were sales agents of the corporation in the city of Des Moines, and as we understand the record, stockholders. A business office was opened in Des Moines in 1919 or 1920, and maintained until the late summer of 1921. On September 13, 1920, appellant entered into a contract in writing for the purchase of stock at its par value, for which he paid $10,000. The petition alleged that all of the defendants conspired and confederated together for the purpose of cheating and defrauding appellant, and that he was induced by the false and fraudulent statements and representations of the stock salesmen and the officers of the company to purchase the stock, and asked judgment for damages. The testimony of appellant is somewhat voluminous, and, as we deem it unnecessary to consider the case on its merits, we refrain from an extended recital of the facts. Suffice it to say that the evidence shows that the stock was practically, if not wholly, worthless. At the close of plaintiff's testimony, the court sustained the motion of the defendants for a directed verdict. One of the grounds of the motion was that the cause of action was barred by the statute of limitations. This ground of the motion presents the decisive question in the case. The contract for the purchase of the stock, as stated, bears date September 13, 1920. The original notice of the commencement of this action was served October 21, 1925, more than five years after the contract was executed.

Three propositions are urged by appellant: (a) That the plea of the statute of limitations was not timely; (b) that it was insufficient in form to meet the requirements of the statute; and (c) that appellant was unable to earlier commence this action because of the fraudulent concealment by the defendants.

I. The statute of limitations was not set up as a defense until appellant had rested his case. If not taken advantage of by demurrer or answer, it will be deemed waived. *Lawrence v. Melvin*, 202 Iowa 866; *Sloanaker v. Howerton*, 182 Iowa 487, and cases cited therein. Since it is an affirmative defense, the burden is upon the one pleading it to establish the same by proof. Whether the petition in this instance was vulnerable to a demurrer upon

1. LIMITATION OF ACTIONS: pleading: timely plea.

the ground that it showed upon its face that it was barred by
the statute of limitations, is not material, as it may, even in such
case, be raised by answer. *Central Tr. Co. v. Chicago, R. I. & P.
R. Co.,* 156 Iowa 104; *Goring v. Fitzgerald,* 105 Iowa 507. The
waiver, therefore, if any, resulted from the failure of appellees
to earlier plead the statute. The appellees offered no evidence,
but relied upon the evidence of appellant to sustain their plea of
the statute. At least one of the defendants specifically alleged
that the plea was interposed to conform to the proof. A large
discretion in the matter of permitting amendments to pleadings
is vested in the trial court. Section 11182, Code of 1924; *Knight
v. Moline, E. M. & W. R. Co.,* 160 Iowa 160; *Bruhn v. Fort
Dodge Street R. Co.,* 195 Iowa 454; *Matheson v. Iowa St. Trav.
Men's Assn.,* 180 Iowa 1019.

This court is reluctant to reverse on the ground of an abuse
of discretion in permitting a pleading to be amended. The plea
of the statute of limitations, if properly interposed and estab-
lished by the evidence, necessarily terminated the litigation. In
such circumstances, great liberality in permitting an amend-
ment should be indulged by the trial court. Appellant was in
no wise prejudiced or inconvenienced by the delay of appellees
in setting up the statute as a defense in this case. He did not
ask for a continuance, nor for permission to introduce further
proof. The motion to strike the amendment was, we think,
properly overruled.

II. It is an elementary rule of pleading that the facts con-
stituting the bar of the statute must be pleaded. *Lawrence v.
Melvin,* supra; *Borghart v. City of Cedar Rapids,* 126 Iowa 313;
*Tredway v. McDonald,* 51 Iowa 663; *Jenks v.
Lansing Lbr. Co.,* 97 Iowa 342. The appellees
filed separate answers and amendments thereto,
setting up the statute, all of which were informal and defective.
They do not allege fully the facts constituting the bar. They do,
however, raise the question. They were attacked by a motion to
strike. After the motion was overruled, appellant filed a reply,
setting up facts in avoidance of the statute. Considering the
record made by appellant in the case, and the occasion of the
filing of the amendments, together with separate motion for a
directed verdict upon that ground, we are disposed to give a
liberal construction to the pleadings. Taken together, the three

2. LIMITATION OF
ACTIONS: plead-
ing: sufficiency.

amendments constituted a sufficient plea of the statute. A reversal upon the ground that the amendments were insufficient in form and substance to strictly conform to a rule of pleading could not be justified.

III. Counsel for appellant, of course, concedes that the action was not commenced within five years after the contract for the purchase of stock was entered into. To avoid the plea

3. LIMITATION OF ACTIONS: fraud: concealment: effect.

of the statute of limitations, it was incumbent upon him to allege and prove that he was prevented by the fraudulent conduct or concealment of the cause of action from sooner commencing same. The rule established in this state is that, if the defendant has, by fraud or actual fraudulent concealment, prevented the plaintiff from obtaining knowledge of his cause of action, the statute of limitations commences to run only from the time the same was or might, by the use of proper diligence, have been discovered. *District Township of Boomer v. French,* 40 Iowa 601; *Miller v. Lesser,* 71 Iowa 147; *Carrier v. Chicago, R. I. & P. R. Co.,* 79 Iowa 80; *Cook & Wheeler v. Chicago, R. I. & P. R. Co.,* 81 Iowa 551; *Mereness v. First National Bank,* 112 Iowa 11; *Cole v. Charles City Nat. Bank,* 114 Iowa 632; *The Telegraph v. Loetscher,* 127 Iowa 383; *Cress v. Ivens,* 155 Iowa 17; *Gamet v. Haas,* 165 Iowa 565; *Ogg v. Robb,* 181 Iowa 145; *Birks v. Mc-Neill,* 185 Iowa 1123.

Appellant testified that the first he became suspicious of the good faith of appellees in the transaction was in the spring or summer of 1921. McNicholas, who served as general manager of the corporation, had a prison record, and appears to have been a first-class crook. Appellant had little conversation with him after the contract for the purchase of the stock was executed. Most of the representations of which he complains, he charges were made to him by the appellees Bailey and Kinney. The fraudulent character of the scheme is well established by the evidence. The responsibility therefor doubtless rests largely upon the original promoters of the enterprise, particularly McNicholas. The only concealment of appellant's cause of action by appellees, so far as the record shows, was their failure, after they knew the facts, to frankly inform him thereof.

The annual meeting of the stockholders of the corporation for 1921 was held at the Chamberlain Hotel, in the city of Des

Moines. McNicholas was not present at the meeting. The fact
was made known at that time that no reports could be obtained
from him. Everyone connected with the enterprise, including
appellant, must have then, or shortly thereafter, learned that the
enterprise had failed, and that a gross fraud had been perpetrat-
ed in the name of the corporation. Appellant testified that he
went to the office of the corporation in Des Moines, shortly after
the annual meeting of the stockholders at the Chamberlain Hotel,
and requested to be shown the books of the company. He was
then informed that the books had been taken to Kansas City.
The last trace of the books disclosed by the evidence was at the
hotel, on the date of the annual meeting of the stockholders.
They were then in the possession of one of the officers or em-
ployees of the company, by the name of Edwards. No one con-
nected with the case, so far as the evidence shows, knows what
became of them. Appellant testified that he was later informed
by the stenographer that the books were hidden in Des Moines.
She did not so testify when called as a witness in his behalf.
Each of the defendants, at the opening of the trial, declared
that they were unable to produce the books. The inability of ap-
pellant to secure the books for examination no doubt caused him
considerable inconvenience in ascertaining material facts con-
cerning the transactions of the company. No other fact or cir-
cumstance tending to show concealment of appellant's cause of
action is contained in the record. What diligence he exercised to
ascertain the facts during the time intervening between the
meeting of the stockholders in 1921 and the commencement of
this action is not very fully disclosed. It is true that he made
inquiry of Kinney and others, but it would have been an easy
matter for him to have discovered that the corporation possessed
no valuable assets, and that a gross fraud had been perpetrated
upon him. The mere silence of appellees does not constitute
fraudulent concealment of the cause of action, within the mean-
ing of the authorities cited. So far as the record shows, the
books of the corporation may have been in Kansas City at the
time he made inquiry therefor.

It is our conclusion, after a thorough reading of the record,
that appellant failed, as a matter of law, to show such fraudulent
concealment on the part of appellees as to avoid the plea of the

statute of limitations. The judgment of the court is, therefore, affirmed.—*Affirmed.*

EVANS, C. J., and FAVILLE, KINDIG, and WAGNER, JJ., concur.