OTTO SCHMUCKING v. WILLIAM J. MAYO AND OTHERS.[1]

March 6, 1931.

No. 28,348.

[1]Reported in 235 N. W. 633.

38

*Briggs, Weyl & Briggs,* for appellants.

*Allen & Allen,* of Rochester, Minnesota, and *Allen & Allen,* of Fairmont, Minnesota, for respondent.

WILSON, C. J.

Defendants appealed from an order overruling their demurrer to the complaint, the trial court having certified the question involved to be important and doubtful.

The action is for malpractice. The statute of limitations requires such actions to be commenced within two years, L. 1925, p. 102, c. 113, G. S. 1923, § 9193, as amended, 2 Mason, 1927, id.

Plaintiff submitted to a goiter operation and claims a negligent cutting of a laryngeal nerve resulting in the loss of the power of speech. The merits of the claim are not before us. What we are to consider is as to whether plaintiff can get into court to try the case involved in his claim.

The effect of a defendant's fraudulent concealment of a cause of action against him in relation to the statute of limitations has produced much discussion in the law books, showing great disagreement. In substance the allegations of the complaint show the relation of physician and patient and allege the conduct on the part of defendants, which if true would constitute a fraudulent concealment of a cause of action against them in favor of but unknown to plaintiff.

The rule, which is supported by the numerical weight of authority, is that when a party against whom a cause of action exists in favor of another, by fraudulent concealment prevents such other from obtaining knowledge thereof, the statute of limitations will commence to run only from the time the cause of action is dis-

covered or might have been discovered by the exercise of diligence. This is the rule apart from any statute. In many cases the question of diligence will be one of fact.

In the presence of a fiduciary and confidential relation, the fraud may more readily be perpetrated. The relation of physician and patient of itself begets confidence and reliance on the part of the patient. Groendal v. Westrate, 171 Mich. 92, 137 N. W. 87, Ann. Cas. 1914B, 906, and note.

In the absence of fraud, ignorance of the existence of the cause of action does not toll the statute of limitations. Weston v. Jones, 160 Minn. 32, 199 N. W. 431; 37 C. J. 969, § 350. This is upon the theory that ignorance is the result of want of diligence, and the party cannot take advantage of his own fault. There is a real distinction between ignorance and concealment. The former is not the fault of the person liable; the latter is. It may be well to keep in mind that the statute does not run against actions for fraud until the fraud is discovered.

Many authorities supporting the rule as stated may be found in 37 C. J. 969, §§ 350, 362; 17 R. C. L. 852, §§ 213, 223. They include: Lieberman v. First Nat. Bank, 18 Del. 416, 45 A. 901, 48 L. R. A. 514, 82 A. S. R. 414; Herndon v. Lewis (Tenn. Ch. App.) 36 S. W. 953; Watts v. Mulliken's Estate, 95 Vt. 335, 115 A. 150; Bailey v. Glover, 21 Wall. 342, 22 L. ed. 636; Rosenthal v. Walker, 111 U. S. 185, 4 S. Ct. 382, 28 L. ed. 395; U. S. v. Diamond C. & C. Co. 255 U. S. 323, 41 S. Ct. 335, 65 L. ed. 660; McFaddin, W. & K. Land Co. v. Texas Rice Land Co. (Tex. Civ. App.) 253 S. W. 916; Avery v. Cleary, 132 U. S. 604, 10 S. Ct. 220, 33 L. ed. 469; Pearsall v. Smith, 149 U. S. 231, 13 S. Ct. 833, 37 L. ed. 713; Deake, Appellant, 80 Me. 50, 12 A. 790; American Tobacco Co. v. People's Tobacco Co. (C. C. A.) 204 F. 58; Lewey v. H. C. Fricke Coke Co. 166 Pa. 536, 31 A. 261, 28 L. R. A. 283, 45 A. S. R. 684; Phalen v. Clark, 19 Conn. 420, 50 Am. D. 253; Marshall v. Buchanan, 35 Cal. 264, 95 Am. D. 95; 60 Am. D. 511, note; Conditt v. Holden, 92 Ark. 618, 123 S. W. 765, 135 A. S. R. 206; Mereness v. First Nat. Bank, 112 Iowa, 11, 83 N. W. 711, 51 L. R. A. 410, 84 A. S. R. 318; Shellenberger v. Ransom, 25 L. R. A. 564, note, 567.

This court has not held to the contrary. Indeed it is apparently recognized that fraudulent concealment is an element for consideration, and perhaps it may be conservatively stated that some of the decisions of this court tend to support the rule as stated. Cock v. Van Etten, 12 Minn. 431 (522); P. P. Mast & Co. v. Easton, 33 Minn. 161, 22 N. W. 253; First Nat. Bank v. Strait, 65 Minn. 162, 67 N. W. 987; Id. 71 Minn. 69, 73 N. W. 645; Weston v. Jones, 160 Minn. 32, 199 N. W. 431. See dissenting opinion in Wellner v. Eckstein, 105 Minn. 444, 460, 117 N. W. 830, 835.

Our opinions should, so far as is consistently possible, harmonize with the holdings of the United States Supreme Court. Usually our ambition is to have them do so. We should be and are reluctant to disagree with the opinion of that court in Bailey v. Glover, 21 Wall. 342, which it has since frequently cited with approval.

It also seems to us that the rule as stated is supported by the weight of moral and equitable principles, which in our practice are not entire strangers in actions at law. If one's legal title to property is endangered by the fraud of another, the courts will give relief; and if the rights which one has to a legal remedy to establish such title be defeated by a like fraud, is not the principle the same? Two reasons adequately support the rule: First, one who cannot assert his right because the necessary knowledge is improperly kept from him is not within the mischief the statute was intended to remedy; but is within the spirit of the law that restrains its operation. There is no reason, resting on general principles, why ignorance that is the result of defendant's actual fraud and not the stupidity or lack of diligence of plaintiff should not prevent the running of the statute in favor of the wrongdoer. Secondly, a person should not be permitted to shield himself behind the statute of limitations where his own fraud has placed him. He should not be permitted to profit by his own wrong, and it would strike the moral sense strangely to permit him to do so.

We are not aware of any principle of law or equity which affords immunity to a fraudulent defendant who by his deceitful practice induces a creditor to forbear his efforts to collect his debt until

after it has become barred by the lapse of time. Fraud is bad, it should not be permitted to go unchecked anywhere, and justice should always be able to penetrate its armor. We are of the opinion that fraudulent concealment tolls the statute of limitations.

Affirmed.