CARROLL, CITY OF, Appellant, v. W. A. ARTS et al., Appellees.

No. 44039.

JUNE 21, 1938.

Ralph Maclean, for appellant.

Tom Kirby and Reynolds, Meyers & Tan Creti, for appellees.

STIGER, C. J.—The defendant, W. A. Arts, was appointed city clerk of the city of Carroll, Iowa, in 1922 and held that office until his resignation in 1934. One of the duties of the city clerk was to collect water rents. The city brought this suit in

October 1934, to recover water rents which it alleged defendant collected during the years from 1926 to 1934 and failed to account for and pay to the city treasurer. The defense to the action is a general denial and the statute of limitations. Code 1935, §11007, subd. 4. The jury returned a verdict for defendants.

Plaintiff claims that it established a prima facie case against the defendant W. A. Arts and that the court erred in failing to instruct the jury that the burden of proof then passed to defendant to establish his defense and satisfactorily account for the money.

The plaintiff states that "the city having established its prima facie case by city records the burden to overcome that case passed to defendant. The situation of the defendant Arts is that of a debtor who seeks to claim payment and as such the burden of proof of payment is on him."

Plaintiff misconceives the pleadings and the issue. Plaintiff alleged that defendant received about $4,000 more than he accounted for. The defendant denied that he received the money, alleging there was no deficiency as claimed by plaintiff and that he accounted for all money that came into his hands as city clerk.

Defendant does not plead the affirmative defense that he received the funds and properly accounted for them. The theory of his pleadings, which is sustained by his evidence, is that he did not collect the money which plaintiff seeks to recover. All that plaintiff had to establish in order to recover was that defendant received the funds that it alleged he had converted, for defendant does not purport to have accounted for them. It may be conceded that at the close of plaintiff's evidence it had established a prima facie case against the defendant but this fact would not relieve plaintiff of the burden of proving its accusations against defendant by a preponderance of the evidence, which burden remained at all time on the plaintiff, nor would it impose on the defendant, as claimed by plaintiff, the duty of going forward with the evidence.

There was a conflict in the evidence and there was sufficient evidence to support the verdict.

The rule that if a defendant admits he received money belonging to the plaintiff the burden is on him to satisfactorily account for such funds does not apply to the situation in this case.

Plantiff's statement that Mr. Art's situation was that of a debtor claiming payment has no support in the record.

The trial court was right in not assuming that defendant received the money, which was a controverted fact, and in not instructing that the burden was on defendant to prove payment.

Plaintiff further claims that the court erred in holding that the burden of proof was on the plaintiff to prove the tolling of the statute of limitations as to claims originating before April 1, 1931.

Defendant pleaded the statute of limitations as to claims originating prior to April 1, 1931. Plaintiff seeks to avoid the statute by its contention that defendant concealed from the plaintiff the fact that it had a cause of action against him.

The rule in this state is that "where the party against whom a cause of action existed in favor of another, by fraud or actual fraudulent concealment prevented such other from obtaining knowledge thereof, the statute would only commence to run from the time the right of action was discovered, or might, by the use of diligence, have been discovered." District Township of Boomer v. French, 40 Iowa 601; Conklin v. Towne, 204 Iowa 916, 216 N. W. 264.

The trial court instructed the jury that the burden was on the plaintiff to prove that it was prevented, until a time within the statutory period, by the fraudulent concealment of defendant from discovering, in the exercise of proper diligence, that the deficiencies existed.

The plaintiff had the burden of establishing the facts which he claims avoids the statute of limitations. Hodgson v. Keppel, 211 Iowa 795, 232 N. W. 725; Van Wechel v. Van Wechel, 178 Iowa 491, 159 N. W. 1039; Conklin v. Towne, 204 Iowa 916, 216 N. W. 264.

There was no error in the instruction. We have given consideration to other errors assigned by appellant and find no merit in them. Finding no error in the case, it is affirmed.— Affirmed.

ANDERSON, KINTZINGER, DONEGAN, MILLER, SAGER, and HAMILTON, JJ., concur.