KIRBY, Appellant v. MADDEN, Respondent

(284 N. W. 54.)

(File No. 8198.   Opinion filed February 20, 1939.)

*Dunham & Dunham,* of Clark, for Appellant.
*J. G. McFarland,* of Watertown, for Respondent.

RUDOLPH, J.   The complaint herein alleges that one Mary Kirby died on the 18th day of February, 1931; that at the time of her death she was the owner of certain personal property; that immediately following her death defendant took possession and embezzled the personal property of the decedent.   No administrator of the estate of Mary Kirby, deceased, was appointed until October 19, 1937.   The summons and complaint were served on defendant on January 25, 1938.   The action was brought by the administrator under the provisions of Section 3329, Rev. Code 1919, for double the value of the property alleged to have been

embezzled. The defendant by her answer pleaded the statute of limitations. The plaintiff demurred to this answer, and the trial court · overruled the demurrer. Plaintiff has appeared from this order.

The specific question presented is whether the statute of limitation commenced running at the time of the alleged embezzlement or at the time of the appointment of the administrator. The statutes, Section 2263, Rev. Code 1919, and succeeding sections, provide that civil actions can only be commenced within certain specified periods "after the cause of action shall have accrued." The result to be reached in this case must depend upon the court's interpretation of the meaning of the clause "after the cause of action shall have accrued." The early English case of Murray v. East India Company, 5 B. & Ald. 204, decided in 1821, took the view that a cause of action cannot be said to accrue until there is some definite person legally qualified to enforce it, and held therefore, so far as the facts in this case are concerned, that the cause of action would not acrue within the meaning of the statute of limitations until such time as the administrator was appointed for the decedent's estate. This rule has apparently received the support of the majority of the courts in this country. See 37 C. J. 1034, 17 R. C. L. 751. The question was presented to the California court in the case of Tynan v. Walker, 35 Cal. 634, 95 Am. Dec. 152. The California court in this case considered at length the rule established by the English court. The English rule, when considered in the light of the California statutes, was repudiated for reasons given by the California court in which we must concur. Our statutes upon the subject appear identical to those of California which were considered in the Tynan-Walker case. We quote at length from the California opinion:

"The statute provides that civil actions shall be commenced within certain periods therein prescribed 'after the cause of action shall have accrued.' The clause 'after the cause of action shall have accrued' does not, in our judgment, imply, in addition, the existence of a person legally competent to enforce it by suit. If it did, why in subsequent parts of the statute provide that the statute shall not run in certain cases specified, which are excepted from the operation of the statute, because the persons in whose favor the cause of action exists are legally incompetent to sue?

Obviously, if the term 'right of action' implies the existence of a person competent to commence an action, there was no occasion for special provisions relieving persons not competent from the operation of the statute. Nothing further need have been said, for the Courts, after having ascertained the existence of a right of action, would have next inquired whether there was any person in existence legally competent to enforce it by suit, and computed the time accordingly. Again, if it was the intention to provide that the statute should run only where there is both a right of action and a person to assert it, why not insert a provision to that effect in general terms, and not take the hazard, by going into details of omitting cases which ought, on the score of equal equities, to be included?

"But, again, if we assume that the term 'cause of action' contains also a general implication in relation to disabilities, what, in view of the subsequent specification of disabilities, becomes of the settled rule that general words are limited by special words subsequently employed, or the maxim, expressio unius est exclusio alterius.

"But it is unnecessary to enlarge upon this point. Leave out of view the judicial interpretations which we have noticed, and which we have indicated our purpose to discard, there is no doubt as to the meaning of the statute. It must run in all cases not expressly excepted from its operation.

"There is no provision of the statute excepting a case of this kind from its operation. The twenty-fourth section provides an exception, where the party entitled to bring an action dies after the cause of action has accrued, and before the expiration of the time allowed for commencing the action, and also where the party against whom an action may be brought dies before the expiration of the time allowed, but no provision is made excepting a case where the party who would have been entitled to sue dies before the cause of action has accrued.

"Nor do we perceive any substantial reason why any exception should be made. If the cause of action does not accrue until after the death of the party who would have been entitled to sue, the persons interested in his estate—his creditors, heirs, and devisees—have the full time allowed by the statute in which to move in the matter to obtain a grant of administration and commence an action.

Even if we recognized the doctrine of inherent equity, or implied exception, we are unable, independent of the judicial dogma that the term 'cause of action' also implies a person to sue, to perceive that this case falls within the principle. It certainly has less equity than the case where the cause of action has accrued in the lifetime of the party; yet in such a case the statute runs on, according to the cases to which we have referred, even though there may not be forty-eight hours of the limitation remaining at the time of his death. The Legislature of this State seems to have considered this latter result of the English statutes as unreasonable, and has therefore provided, as we have seen, that the time allowed to sue shall be extended, if necessary, not to exceed six months from his death, thus affording time to obtain a grant of administration and sue.

"We may add, in conclusion, that in view of this provision in relation to cases where the cause of action has accrued before the death, to the effect that the time may be extended not to exceed six months from the death, it would be exceedingly anomalous to hold that if it accrues one day after death the time to sue shall be extended indefinitely, the extension to be measured only by the tardiness of those who are interested directly or indirectly in bringing the action."

The New Jersey court in the case of Valente v. Boggiano, 107 N. J. L. 456, 154 A. 817, 74 A. L. R. 834, unanimously concurred in the views expressed by the California decision.

■ Appellant has cited the case of McPherson v. Swift, 22 S. D. 165, 116 N. W. 76, 133 Am. St. Rep. 907. This case is in no way controlling of our decision here. The action involved a partnership accounting, one partner having died. It appeared that after the partner's death the surviving partner took into his possession the assets of the partnership. The court held that the surviving partner held such assets in trust for the purposes of liquidation and distribution, and that no cause of action accrued until there was a demand upon the trustee or the trustee gave notice of a renunciation of the trust. In our present case, it is clear that no demand or affirmative action was necessary after decedent's death to give rise to the alleged cause of action.

The order appealed from is affirmed.

All the Judges concur.