HINKLE, Appellant v. HARGENS, Respondent

(81 N.W.2d 888)

(File No. 9587.   Opinion filed March 21, 1957)

**Parnell J. Donohue,** Bonesteel, for Plaintiff and Appellant.

**H. M. Lewis,** Hot Springs, for Defendant and Respondent.

HANSON, J. This is a malpractice action for damages. The complaint alleges the defendant surgeon left a portion of a surgical needle embedded in plaintiff's back following an operation performed on September 15, 1932; that defendant negligently failed to remove the needle fragment and fraudulently concealed such fact; and although the plaintiff consulted numerous doctors over the years the needle was not discovered and removed until May 10, 1953. In answer the defendant pleaded the statute of limitations and res judicata. The defense of res judicata has reference to a prior similar action between the same parties for the same act of malpractice in which judgment for the defendant was granted on the pleadings. This issue is not presented.

In the present action a pretrial conference was held on September 22, 1955. Based on the pretrial record the trial court made numerous findings of fact somewhat in the form of a decision and concluded therein, as a matter of law, plaintiff's action was barred by the two-year statute of limitations relating to malpractice actions. SDC 33.0232(6) (c). Judgment for the defendant was accordingly entered. The plaintiff appeals contending that fraudulent concealment tolls the statute of limitations in malpractice actions; and, such issue raises controverted facts which a trial court could not adjudicate at a pretrial conference.

██ Our rules of court provide a pretrial procedure similar to Rule 16 of the Federal Rules of Civil Procedure, 28 U.S.C.A. SDC 33.1003. Its general purpose is to simplify the issues and expedite the trial of disputed causes. The adjudication of controverted facts is beyond its scope and purpose. Our rules do not provide for summary judgment proceedings comparable to Rule 56 of the Federal Rules of Civil Procedure. However, if all disputed questions of fact are

eliminated at the pretrial conference, the court has the inherent authority, on motion, to enter final judgment. 88 C.J.S., Trial, § 17(2), p. 45; Annotation, 22 A.L.R.2d 609. This court so indicated in the case of Kindley v. Williams, 76 S.D. 225, 76 N.W.2d 227, 231, stating: "If a claim of a party is to be discussed as a result of pre-trial the orderly procedure is by motion, which if the facts justify, may be based upon the pre-trial record. In any event the court should enter an order which recites the action taken at the conference as required by SDC 33.1003."

Statutes of limitations are generally regarded as statutes of repose governing the period within which actions must be brought. 53 C.J.S., Limitations of Actions, § 1, p. 901. They are designed to eliminate fraudulent and stale claims and operate against those who sleep on their rights. As the plaintiff contends, however. there are well recognized exceptions which toll the limitation periods. From an early day courts of equity recognized and applied an exception in cases of fraud until the "fraud was discovered". This exception was not recognized at common law in legal actions. Our statute in this regard preserves the distinction between legal and equitable actions and authorizes the exception only in fraud cases "solely cognizable by a court of chancery". SDC 33.0235 provides: "An action for relief on the ground of fraud in cases which heretofore were solely cognizable by a court of chancery, the cause of action shall not be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud." This statute has been interpreted by the Federal Circuit Court of Appeals, Eighth Circuit, to apply only in cases solely cognizable by a court of chancery and therefore sounding in equity. Schindler v. Spackman, 16 F.2d 45. The plaintiff's claim is neither founded on fraud nor solely cognizable in a court of equity. The gravamen of her cause of action is the defendant's alleged negligence. The allegation of fraudulent concealment does not create a new or separate cause of action. Thompson v. Barnard, Tex.Civ. App., 142 S.W.2d 238. Plaintiff's action being one at law for damages is, therefore, outside the scope of our statutory "fraud" exception to the statute of limitations.

The courts are reluctant to allow implied exceptions to the statutes of limitations. However, fraud is repugnant wherever encountered. It is neither logical nor equitable to frown on it in a court of equity and allow it to be used as a shield in a court of law. In recognition of this incongruity the broader exception of fraudulent concealment has found favor. Under this doctrine the courts generally recognize that fraudlent concealment of a cause of action tolls the statute of limitations until the cause of action is discovered or might have been discovered by the exercise of diligence. 54 C.J.S., Limitations of Actions, § 206 a, p. 219; 34 Am.Jur., Limitations of Actions, § 231, p. 188; Annotation, 173 A.L.R. 576; 31 Mich.L.Rev. p. 875 et seq. The rule applies to both legal and equitable actions. 54 C.J.S., Limitations of Actions, § 206 b, p. 221, including malpractice actions; Schmucking v. Mayo, 183 Minn. 37, 235 N.W. 633; Ogg v. Robb, 181 Iowa 145, 162 N.W. 217, L.R.A. 1918C, 981; and see Annotation, 74 A.L.R. 1317 and 144 A.L.R. 209.

Nothwithstanding a statutory fraud exception identical to ours the Iowa court has long recognized and applied the doctrine of fraudulent concealment in both legal and equitable actions. District Tp. of Boomer v. French, 40 Iowa 601; Faust v. Hosford, 119 Iowa 97, 93 N.W. 58; Pullan v. Struthers, 201 Iowa 1179, 207 N.W. 235; Ogg v. Robb, supra; Conklin v. Towne, 204 Iowa 916, 216 N.W. 264; Smith v. Middle States Utilities Co. of Delaware, 224 Iowa 151, 275 N.W. 158; City of Carroll v. Arts, 225 Iowa 487, 280 N.W. 869; Higbee v. Walsh, 229 Iowa 408, 294 N.W. 597; and Cole v. Hartford Accident & Indemnity Co., 242 Iowa 416, 46 N.W.2d 811, among others. In the case of Roether v. National Union Fire Ins. Co., 51 N.D. 634, 200 N.W. 818, the North Dakota court discusses, but does not decide, the application of fraudulent concealment under a fraud statute similar to ours.

In accord with Iowa, and the weight of authority, fraudulent concealment of a cause of action should be recognized as an implied exception to our statute of limitations. In its application fraudulent concealment cannot be assumed. The burden is upon the plaintiff to prove (1) the defendant fraudulently concealed the cause of action from

the plaintiff and (2) the plaintiff exercised diligence to discover the cause of action. In the absence of some trust or confidential relationship between the parties there must be some affirmative act or conduct on the part of the defendant designed to prevent, and which does prevent, the discovery of the cause of action. Mere silence, in the absence of a duty to speak, is not ordinarily sufficient. Where, however, a trust or other confidential relationship does exist between the parties, silence on the part of one having the duty to disclose, constitutes fraudulent concealment in the absence of any affirmative act. See Annotations, 173 A.L.R. 576. The relationship of physician and patient has been considered to be one of such confidence. Schmucking v. Mayo, supra; and Bryson v. Aven, 32 Ga.App. 721, 124 S.E. 553.

From the foregoing it is our conclusion. plaintiff's complaint alleges an exception to the statute of limitations under the doctrine of fraudulent concealment. Accordingly, there are controverted facts presented which could not be adjudicated at a pretrial conference.

Reversed.

SMITH, P. J., and ROBERTS, J., concur.

RENTTO, J., dissents.

RUDOLPH, J., concurs in dissent.

RENTTO, J. (dissenting). The promulgation of statutes of limitation is not a judicial act. It is a legislative function. Concerning legislative acts in general this court has held that when they are unambiguous, as is the one here involved, there is no basis for the exercise of our powers of statutory construction. Under such circumstances our only function is to declare the expressed meaning of the statute. State ex rel. Widdoss v. Esmay, 72 S.D. 270, 33 N.W.2d 280. No exception is made to this basic principle when the enactment under consideration is a statute of limitation. Concerning such statutes this court has said, "It must run in all cases not expressly excepted from its operation." Kirby v. Madden, 66 S.D. 397, 284 N.W. 54, 56.

Statutes of limitation are necessarily arbitrary in their nature. Nevertheless they provide a defense which is honorable and legitimate. They should not be subjected to judicial

exceptions to accommodate supposed equities or alleviate hardships. If exceptions are to be made for these purposes they should come from the legislature.

. In SDC 33.0235 our law-making body has provided that the cause of action shall not accrue until the fraud is discovered. However, this applies only where fraud is the ground of the action. The legislature has failed to expressly provide a fraudulent concealment exception in the case of an action for malpractice and we have no right to read such exception into the statute by implication. Wilder v. Haworth, 187 Or. 688, 213 P.2d 797; Lindquist v. Mullen, 45 Wash.2d 675, 277 P.2d 724; In re Natherson's Estate, Ohio App., 134 N.E.2d 852. See also Witt v. Witt, 271 Wis. 93, 72 N.W.2d 748.

Accordingly, I must dissent.

RUDOLPH, J., concurs in the views above expressed.