Mrs. Anna Buhman, Attorney in Fact, Appellant, v.
William Oltrogge et al., Appellees.

No. 45029.

November 19, 1940.

E. E. Collins, J. C. France, and F. E. Northup, for appellant.

Hagemann, Hagemann & Hagemann and G. P. Linville, for appellees.

Stiger, J.—William Oltrogge, Sr., died testate on March 12, 1913, in Bremer county, Iowa, devising his property in equal shares to his daughter, Wilhelmina Justine Steege, plaintiff, and his son, William Oltrogge, a defendant. The will was admitted to probate in April 1913, and defendant John H. Mueller was appointed executor.

Anna Buhman brought this suit on September 29, 1936, as attorney in fact for Wilhelmina Justine Steege against William Oltrogge and J. H. Mueller, former executor of the estate of William Oltrogge, Sr., to recover her share in the estate

and set aside a receipt executed by Mrs. Steege for her share of the estate filed in the probate proceedings which she claimed was obtained from her by fraud of the defendants. The petition alleged that she was defrauded out of her share of the estate, which fraud was discovered by her within six months prior to the date of the commencement of the action. Mrs. Steege will be referred to herein as plaintiff.

On March 29, 1915, the executor divided the cash and securities between William Oltrogge and plaintiff, each devisee receipting for securities in the amount of $80,323.90. The estate was closed in May 1915, at which time plaintiff delivered all of the estate property distributed to her to the defendant Mueller with the understanding that he would look after the property, collect the interest and principal, and re-invest the proceeds for plaintiff.

Plaintiff rented a safety deposit box in the Tripoli State Bank, and Mueller, who was cashier of the bank, pursuant to his agreement with Mrs. Steege, placed all of the securities in this box and gave plaintiff a key. Mueller then made a list of all the securities delivered to him by plaintiff in duplicate loan registers, one of which he gave to plaintiff. Periodically, plaintiff would bring her register to Mueller, who would bring it down to date, noting therein any collections and re-investments made by him. Mueller continued to manage plaintiff's property under the arrangement until the bank closed in October 1929. About two weeks after the bank closed, plaintiff, her son-in-law, John Wente, and her daughter, Mrs. Buhman, examined the contents of the deposit box at the bank and found only a small portion of her securities, some of which were second mortgages and of doubtful value.

Defendants filed a general denial and pleaded the statute of limitations.

Plaintiff's evidence shows that she was an elderly lady who could read very little English and that she did not examine her securities at any time but reposed complete confidence and trust in Mueller; that Mueller as executor collected interest and principal of plaintiff's property in the sum of $63,292.28 and re-invested the proceeds of the principal collected, or part thereof, in securities without order of court; that

only a small proportion of the property distributed to plaintiff by him was original estate assets; that many of the securities purchased by Mueller as agent were not taken in plaintiff's name.

Only a brief reference to the evidence is necessary as we concur in the conclusion of the trial court that the suit was barred by the statute of limitations.

Section 11007, subsection 5, 1939 Code, provides that an action for relief on the ground of fraud in cases heretofore cognizable in a court of chancery must be brought within five years after the cause of action accrues.

Section 11010, 1939 Code, reads:

"11010. Fraud—mistake—trespass. In actions for relief on the ground of fraud or mistake, and those for trespass to property, the cause of action shall not be deemed to have accrued until the fraud, mistake, or trespass complained of shall have been discovered by the party aggrieved."

In The District Township of Boomer v. French, 40 Iowa 601, 603, the court said:

"* * * where the party against whom a cause of action existed in favor of another, by fraud or actual fraudulent concealment prevented such other from obtaining knowledge thereof, the statute would only commence to run from the time the right of action was discovered, or might, by the use of diligence, have been discovered." See Conklin v. Towne, 204 Iowa 916, 216 N. W. 264.

Though defendants claim otherwise, we are of the opinion that Mueller concealed any cause of action plaintiff may have had against him for fraud until she examined the deposit box in 1929, and she cannot be held under this record to have discovered the fraud until that time. We are in agreement with defendants' contention that plaintiff's cause of action accrued in October 1929, when she found that many of her securities and a large part of her funds were missing. Plaintiff, Mrs. Buhman, and Mr. Wente immediately consulted an experienced banker in Waterloo but took no further action until this suit was commenced about seven years later.

In October 1929, plaintiff acquired knowledge which should have led her to make an investigation which would have disclosed any fraud that might have been committed by Mueller and all the facts upon which plaintiff bases her cause of action.

In Murphy v. Hahn, 208 Iowa 698, 704, 223 N. W. 756, 760, the court, referring to section 11010, said:

"This latter section does not contemplate actual knowledge of the fraud before the statute shall begin to run, but such knowledge or notice as would lead a man of reasonable prudence to make inquiries which would disclose the fraud."

The statute began to run in 1929, and, as plaintiff did not commence her action until September 1936, her cause of action was barred by section 11007, subsection 5.

We agree with the finding of the trial court that the defendant William Oltrogge, Jr., took no part whatever in any fraud, deceit, misrepresentation or appropriation of securities or funds, if any, alleged by the plaintiff.—Affirmed.

RICHARDS, C. J., and BLISS, SAGER, and OLIVER, JJ., concur.