# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3497

_____

James Richmond,                *
                                    *

         Appellant,            *

                                    *    Appeal from the United States

     v.                                 *    District Court for the

                                    *    Southern District of Iowa.

Clinton County, Iowa,       *

                                    *

         Appellee.            *

_____

Submitted: May 14, 2003

Filed: August 1, 2003

_____

Before BOWMAN, HEANEY, and BYE, Circuit Judges.

_____

BOWMAN, Circuit Judge.

James Richmond asserted constitutional and state law claims against Clinton County relating to the County's regulation of the septic system that he installed on his property. The County successfully moved for summary judgment on the ground that the statute of limitations for each claim had expired. We agree that Richmond's claims are time-barred and affirm the judgment of the District Court.[1]

_____

[1]The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa.

Richmond purchased a piece of land in 1976 in a residential subdivision in DeWitt, Iowa, a city in Clinton County. He sought and received a permit from the County to install a septic system on the land, and the County required him to install only a specific type of septic system called a "jet" system. In 1988, wastewater from Richmond's jet system flowed onto land owned by Richmond's neighbor. The neighbor filed a lawsuit in Iowa District Court to compel the County to take action against Richmond, who was named a third-party defendant. The lawsuit was dismissed on February 4, 1992; as part of the court's judgment, however, the County issued a cease-and-desist order on December 10, 1992, that prohibited Richmond from discharging wastewater onto any ground surface. Over the next eight years, the County issued several variances to the cease-and-desist order permitting Richmond to discharge wastewater that was not toilet water. In December 1999, the County enacted a variance granting Richmond full water use on a trial basis for 180 days. Shortly after this variance expired, in July 2000, the County re-issued the cease-and-desist order. Richmond commenced this lawsuit later that year, alleging that the County's regulation of his septic system amounted to a Fourteenth Amendment equal protection violation, fraud, intentional infliction of emotional distress, and inverse condemnation.

The District Court granted the County's summary judgment motion, concluding that the two-year statute of limitations for each claim began to accrue no later than 1992, meaning that Richmond's claims expired in 1994. We review the District Court's grant of summary judgment de novo. See Cavegn v. Twin City Pipe Trades Pension Plan, 223 F.3d 827, 829 (8th Cir. 2000). Summary judgment is appropriate if the evidence, when viewed in the light most favorable to the non-movant, demonstrates that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Anderson v. Larson, 327 F.3d 762, 767 (8th Cir. 2003) (citations omitted).

In this appeal, Richmond argues that the statute of limitations should not have begun to accrue until July 2000, when the County issued its order. In particular, he argues that the July 2000 order created a new injury—and, therefore, a new cause of action—because it ended the full water use he enjoyed during the trial period created by the 1999 variance. We do not believe, however, that the record supports his allegation of a new injury as a result of the 2000 order. The damages Richmond claims—an inability to use his property in full, a decline in the value of his property, emotional distress, a tarnished public image, and lost profits to his legal practice—are tied to the County's mandate that he install the faulty "jet" system and to the County's never-rescinded 1992 cease-and-desist order. Because the 1999 variance restored full water use to Richmond only on a temporary basis, see Clinton County Board of Health Meeting Minutes at 3 (Dec. 2, 1999) (detailing decision by County Board of Health to lift restrictions "on a trial basis" for "3 months"), the cease-and-desist order was valid with full force when the trial period expired. The County's 2000 order merely reiterated the existing, temporarily-suspended order and did not create a new injury. In fact, the 2000 order uses language similar to the language of the 1992 order and, like the 1992 order, states that it was entered "[a]s required by Judgment Entry [of the Iowa District Court] of February 4, 1992." Compare Order to Desist and Comply (Dec. 10, 1992) with Order to Desist and Comply (July 27, 2000). Based on this evidence in the record, we conclude that the 1992 order was never rescinded, the 2000 order had no new effect on Richmond, and Richmond consequently has not demonstrated an injury from the 2000 order.

Because we reject Richmond's argument that he suffered a new injury based on the July 2000 order, we must determine the proper date on which the two-year statute of limitations for each of Richmond's claims began to accrue. We use Iowa law to make this determination. See Kan. Pub. Employees Ret. Sys. v. Reimer & Koger Assocs., Inc., 61 F.3d 608, 611 (8th Cir. 1995) (explaining that federal courts generally apply forum state's limitations provisions where issue is not governed by federal statute), cert. denied, 516 U.S. 1114 (1996). "Under Iowa law, the 'statute of

limitations begins to run when the injured person discovers or in the exercise of reasonable care should have discovered the allegedly wrongful act.'" Roth v. G.D. Searle & Co., 27 F.3d 1303, 1306 (8th Cir. 1994) (quoting Franzen v. Deere & Co., 377 N.W.2d 660, 662 (Iowa 1985)).  This accrual rule applies to Richmond's inverse condemnation and emotional distress claims, both of which are state law claims, as well as to his equal protection claim that he filed pursuant to 42 U.S.C. § 1983 (2000).  See Wycoff v. Menke, 773 F.2d 983, 984 (8th Cir. 1985) (concluding that § 1983 claims are governed by relevant state's personal injury statute of limitations), cert. denied, 475 U.S. 1028 (1986).  For fraud claims, under Iowa law, the rule is similar: the statute of limitations accrues when the plaintiff knew or, in the exercise of ordinary diligence, should have known of the alleged fraudulent act.  Buhman v. Oltrogge, 294 N.W. 788, 789 (Iowa 1940) (citation omitted).

We conclude that there is substantial evidence in the record that Richmond should have been on notice of any wrongful or fraudulent act by the County no later than the date on which the County issued the cease-and-desist order.  By that time, Richmond's septic system had discharged wastewater onto his neighbor's property, his neighbor had filed a lawsuit to compel the County to stop him from discharging the water, Richmond had hired an attorney to represent him in the matter, and his attorney had claimed in a 1991 letter to the County that Richmond planned to make a claim against the County because he felt he was a victim of "selective prosecution." Letter from Mark A. Woollums to Lawrence H. Schultz (July 5, 1991).  In sum, if the County committed a wrongful or fraudulent act, Richmond should have been on notice of it once the order was issued in December 1992.  The statute of limitations for each of Richmond's claims therefore expired in December 1994, nearly six years prior to his initiation of this suit.

For these reasons, the judgment of the District Court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.